UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, # 519021, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 3:16-cv-02631 ) CHIEF JUDGE CRENSHAW |
| CHERRY LINDAMOOD, *et al.*, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Presently pending before the Court are the following motions by the Petitioner: Motion to Reopen Case and Replace Respondent (Doc. No. 31); Motion to Transcribe Preliminary Hearing CD (Doc. No. 49); Motion to Obtain Documents (Doc. No. 50); Motion for an Evidentiary Hearing (Doc. No. 51); Request for Docket Status Sheet and Pleading Form (Doc. No. 56); Motion to be Released and Response to Docket # 39 (Doc. No. 62); and Motion to Amend Petition to Present Only Exhausted Claims to the Federal District Court or Grant a Continuance (Doc. No. 76). The Respondent has not responded to any of these motions. The Respondent has filed a Motion to Dismiss (Doc. No. 52), to which the Petitioner has responded in opposition (Doc. No. 74).

**I.  Background**

On October 3, 2016,[1] Cedric Jones, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for writ of habeas

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Jones filed his petition on October 3, 2016, the date he signed the petition (Doc. No. 1 at 14), even though the Clerk of Court received and docketed Jones' petition on October 6, 2016. All dates as they pertain to the filings of the Petitioner will reflect the Court's application of the prison mailbox rule.

corpus challenging his March 6, 2013 convictions for three counts of aggravated rape, one count of aggravated sexual battery, and one count of aggravated kidnapping for which the Petitioner received a total effective sentence of thirty-seven years in prison. (Doc. No. 1); State v. Jones, No. M2015-00720-CCA-R3-CD, 2016 WL 3621513 (Tenn. Crim. App. June 29, 2016), perm. app. denied (Tenn. Sept. 22, 2016).

The Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed his conviction and sentence on June 29, 2016. Id. The Tennessee Supreme Court denied his application for permission to appeal on September 22, 2016. Id.

On October 28, 2016, the Petitioner filed an amended petition for writ of habeas corpus. (Doc. No. 11). On February 14, 2017, the Petitioner filed a supplemental petition for writ of habeas corpus. (Doc. No. 22).

On February 28, 2017, the Petitioner filed a Notice of Voluntary Dismissal (Doc. No. 26), which the Court granted by Order entered on March 8, 2017, dismissing the Petitioner's claims without prejudice. (Doc. No. 27). In that same Order, the Court granted the Petitioner's application to proceed in forma pauperis and denied any pending motions as moot. (Id.)

The Petitioner then filed a "Motion to Reopen Case" (Docket No. 31) and several letters, notices, and supplements. (Doc. Nos. 33, 34, 36, 37). By Order entered on April 14, 2017, the Court ordered the Respondent to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases. (Doc. No. 39). The Court instructed: "Should the Respondent's position be that the Petitioner has not fully exhausted the state court process, that the original petition was untimely filed, or that the Petitioner may not reopen his case in this matter at this time, the Respondent shall so advise the Court and may do so without answering the petition on its merits." (Id. at 2). In the meantime, the Petitioner filed more letters, notices, and supplements

(Doc. No. 41, 42, 43, 46, 47, 48) as well as motions to transcribe preliminary hearing CD (Doc. No. 49), to obtain documents (Doc. No. 50), and for an evidentiary hearing (Doc. No. 51).

After the Petitioner's many filings, the Respondent filed a motion to dismiss on May 8, 2017. (Doc. No. 52). The Petitioner then filed more notices (Doc. Nos. 54, 55, 57, 61, 63, 64, 67, 69, 70, 73, 75), a request for a docket status sheet and a pleading form (Doc. No. 56), letters (Doc. Nos. 59, 65, 66, 68, 71, 77, 78), and a motion to be released and response to Docket # 39 Order (Doc. No. 62).

Because the Petitioner had not responded to the Respondent's pending motion to dismiss, the Court ordered the Petitioner to file a response, if desired, by December 28, 2017. (Doc. No. 72). The Court instructed the Petitioner to specifically address whether he was in the process of exhausting his available state court remedies or whether he intended to proceed only on the exhausted claims in the petition. (Id. at 1). The Petitioner responded by filing a "motion to amend petition to present only exhausted claims to the Federal District Court or grant a continuance." (Doc. No. 76).

The Petitioner also informed the Court that he had filed a petition for post-conviction relief on September 12, 2017, in the Criminal Court of Davidson County, Tennessee. (Doc. No. 75 at 4). The state court entered a preliminary order on October 20, 2017 "to appoint post-conviction counsel and advise Petitioner of the parameters of post-conviction relief pursuant to the Post-Conviction Procedure Act and Tennessee case law." (Id. at 10, 11). The Court takes judicial notice that the Petitioner is scheduled to appear before the Criminal Court of Davidson County, Tennessee, in February 2018; the Petitioner's post-conviction relief efforts remain underway.

**II.     Motion to Reopen Case (Doc. No. 31)**

The Court will begin with the Petitioner's motion "to reopen case and replace respondent." (Doc. No. 31). In the motion, the Petitioner asks the Court to replace Elaine Heard as the only named respondent to this action. Heard is the Petitioner's former attorney. (Id. at 5). The Petitioner asserts that Heard "has not returned to him his legal files he sent to her to hold on to while she was his counsel on direct appeal." (Id. at 6). He further asserts that Heard also has in her possession and has refused to return to the Petitioner "[b]oxes of files that his family dropped off at her office, a diskett [sic], a copy of the Jurors (the Judge's list), his tax records, a picture his son drew for him and other legal files and items of sentimental value." (Id. at 8). In the "Remedy Sought" section of the Petitioner's motion to reopen, the Petitioner asks the Court to order Heard to return all of the Petitioner's files to him, require her to respond to the Petitioner's "suit," order Heard to pay restitution to the Petitioner, and report Heard to the Tennessee Board of Professional Responsibility. (Id. at 15).

The Petitioner's motion to reopen focuses solely on the Petitioner's complaint that his former attorney failed to return the Petitioner's file and some personal property to him. The memorandum filed by the Petitioner in support of his motion to reopen appears to be a courtesy copy to the Court of a complaint the Petitioner filed against The Honorable Aleta A. Trauger; the memorandum does not, in any way, support the motion to reopen the current case. Neither the motion to reopen nor the memorandum filed in support of the motion to reopen refer to, reference, or incorporate the Petitioner's original petition for writ of habeas corpus (Doc. No. 1), his amended petition for writ of habeas corpus (Doc. No. 11), or his supplemental petition for writ of habeas corpus. (Doc. No. 22).

However, although his motion to reopen confuses his intention, the Petitioner's many letters,

4

notices, supplements, and motions submitted to the Court since the filing of his motion to reopen make clear that, by seeking to reopen this case, the pro se Petitioner intends to challenge his 2013 conviction by way of petition for writ of habeas corpus in this Court. The Respondent concedes as much by filing a motion to dismiss the Petitioner's claims challenging his 2013 conviction rather than addressing the Petitioner's complaints concerning Heard's failure to return files and personal property to the Petitioner. (Doc. No. 52). The Court finds it appropriate to grant the Petitioner's motion to reopen this case.

Nevertheless, the Court reiterates to the Petitioner that he cannot litigate this action by way of letters and notices to the Court. As the Court informed the Petitioner previously (see Doc. No. 58 at 1), the Court only acts upon motions that are filed as of record in this case. Neither is the Respondent required to respond to "notices" filed by the Petitioner.

Again, the Court acts only on pleadings and motions filed pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules. For example, the Petitioner cannot change parties to this action simply by filing a "Notice of Respondents Added to 'Make Correct'" (Doc. No. 54) in which he informs the Court that "adequate notice of all changes to be made is proper." (Id. at 2). Even though the Petitioner is proceeding pro se, and the Court will take into consideration the Petitioner's pro se status when evaluating pleadings and pending motions, the Petitioner is still required to comply with the rules governing this case. These rules exist to ensure fairness both to the Respondent and to the Petitioner.[2]

---

[2]The Court acknowledges the Petitioner's contention that the Respondent did not mail the Petitioner a copy of the Respondent's motion to dismiss and memorandum filed in support thereof. It appears the Respondent mailed the Petitioner a copy of the motion and memorandum, but inadvertently used the Petitioner's previous mailing address at Riverbend Maximum Security Institution in Nashville. The Court's docket reflects that the Petitioner's address has changed several times over the course of this litigation. Clearly, the Respondent is under an obligation to serve copies of motions and supporting material to the Petitioner. The Court will ensure that the Petitioner receives a copy of both Docket No. 52 (motion to dismiss) and Docket No. 53 (memorandum in support thereof), and the Respondent is

To be clear, the Court will not act upon submissions by the Petitioner such as "Notice of Prosecutorial Misconduct Committed by Kristen Menke" (Doc. No. 63) or "Judicial Notice of Improper Jury Trial Committed by the Trial Court" (Doc. No. 64). If the Petitioner wishes for the Court to consider the arguments and evidence he presented in such submissions, he must raise them by way of timely and properly filed motions. And, unless these arguments and evidence relate <u>directly</u> to the claims raised in the Petitioner's habeas petition, the Petitioner should not bring them to the Court's attention.

### III. Motion to Amend Petition or Grant a Continuance (Doc. No. 76)

Because the Petitioner has recently filed a motion to amend his petition "to present only exhausted claims to the Federal District Court or Grant a Continuance," (Doc. No. 76) the Court need not address whether the Petitioner properly amended or supplemented his original habeas petition by way of Docket Nos. 11 and 22.

In his most recent motion, the Petitioner contends that, while he believes that a "continuance" (stay and abeyance) is the more appropriate course of action in order to give the Petitioner time to exhaust his unexhausted claims (Doc. No. 76 at 1), he is "willing" to withdraw his unexhausted claims and pursue only the exhausted claims set forth in what he calls his "refiled amended petition."[3] (Doc. No. 75 at 1).

In her motion to dismiss the Petitioner's federal habeas petition, the Respondent urges the Court to dismiss the petition without prejudice while the Petitioner exhausts his state remedies.

---

reminded to check for updates of the Petitioner's address going forward.

[3]On March 19, 2017, the Petitioner filed a document he entitled "Judicial Notice of Filings and Exhaustion Law." Buried within the "Notice" is yet another habeas petition, which the Petitioner calls a "re-filed amended petition." (Doc. No. 33 at 33-62). Due to the number of voluminous filings (letters, notice, petitions, amendments, supplements) by the Petitioner, it is unclear at this point which petition the Petitioner considers his governing petition, and which amendments and supplements to that petition have been properly made.

(Doc. No. 53 at 3). The Respondent does not address any statute of limitations issues. The Petitioner, however, raises concerns that some claims may be time-barred if the Court elects to dismiss his petition without prejudice rather than stay and administratively close this case.

Before a federal court will review the merits of a claim brought under § 2254, a petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim must be "properly" exhausted, meaning it must be "fairly presented" through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. Subsequently, in Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. Id. at 277-78.

Here, the parties agree on at least one point: the Petitioner has not fully exhausted all of the claims in state court that he wishes to pursue in this action. The Petitioner has an open state post conviction proceeding in the Davidson County Criminal Court. Although the state court has ruled on some of the claims of the Petitioner's state post conviction petition, the Petitioner's post conviction case is ongoing.

In an abundance of caution, rather that dismiss the petition and potentially bar future federal habeas review of some or all of the Petitioner's claims, the Court will deny the Petitioner's motion to dismiss and stay the petition pending the Petitioner's exhaustion of state court remedies. Accordingly, the Respondent's motion to dismiss (Doc. No. 52) without prejudice will be denied,

and the Petitioner's request to stay and abey will be granted. The Petitioner's motion to amend petition (Doc. No. 76) therefore will be denied as moot.

The Clerk will be directed to administratively close the case. Additionally, the Respondent will be ordered to notify the Court in writing within 30 days after any pending state court proceedings have concluded. The Court cautions the Petitioner that, if he does not move to reopen this matter in a timely fashion once his state court proceedings have concluded, he may be barred from obtaining federal habeas review of his claims.

**IV.   Remaining Motions (Doc. Nos. 49, 50, 51, 56, 62)**

Because this case will be stayed and administratively closed, the Plaintiff's Motion to Transcribe Preliminary Hearing CD (Doc. No. 49) will be denied as moot without prejudice to the Petitioner's ability to re-file, if appropriate, at a later date.

In his Motion to Obtain Documents (Doc. No. 50), the Petitioner asks the Court to mail the Petitioner copies of Docket Nos. 6, 7, and 8 because the Petitioner was unable to make copies of those documents before mailing them to the Court due to a broken prison copying machine. (Doc. No. 50 at 3). The Petitioner's motion will be granted.

Next, the Petitioner's Motion for an Evidentiary Hearing (Doc. No. 51) will be denied as moot and without prejudice to the Petititioner's ability to re-file, if appropriate, at a later date.

In his Request for Docket Status Sheet and Pleading Form (Doc. No. 56), the Petitioner asks the Court to mail a copy of the Petitioner's docket sheet and a "pleading form" to the Petitioner. The Petitioner's motion will be granted.

Finally, the Petitioner filed a Motion to be Released and Response to Docket # 39. (Doc. No. 62). The Petitioner's request to be released will be denied; the Petitioner's claims regarding his alleged unconstitutional and unlawful confinement will be heard in due time. The Petitioner's

arguments with regard to equitable tolling are noted, and the Petitioner may reassert these arguments by motion or response to motion, if appropriate, at a later date.

**V.     Conclusion**

For the reasons explained herein, the Court will grant the Petitioner's motion to reopen (Doc. No. 31) and stay and administratively close this case pending the Petitioner's exhaustion of state court remedies.  The Court will deny the Petitioner's motion to amend petition as moot (Doc. No. 76), deny the Respondent's motion to dismiss (Doc. No. 52), deny the Petitioner's motion to transcribe preliminary hearing CD (Doc. No. 49) as moot and without prejudice to re-file, grant the Petitioner's motion to obtain documents (Doc. No. 50), and deny the Petitioner's motion for an evidentiary hearing (Doc. No. 51) as moot and without prejudice to re-file.

Further, the Court will grant the Petitioner's request for docket status sheet and pleading form (Doc. No. 56) and deny the Petitioner's motion to be released and response to Docket # 39 (Doc. No. 62).  The Clerk will be directed to mail the Petitioner copies of the following documents: Doc. No. 6, 7, 8, 52, 53, as well as the Petitioner's docket sheet and a blank form complaint.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE