# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CEDRIC JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:16-cv-02631** |
| **v.** | ) | **CHIEF JUDGE CRENSHAW** |
| | ) | |
| **BRUCE WESTBROOKS,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Pending before the Court is the Petitioner's "Supplemental Motion to Reopen Case" (Doc. No. 94), to which the Respondent has responded in opposition. (Doc. No. 102).

## I.     Introduction

On October 3, 2016, Cedric Jones filed a pro se petition under 28 U.S.C. § 2254 for writ of habeas corpus challenging his March 6, 2013 convictions for three counts of aggravated rape, one count of aggravated sexual battery, and one count of aggravated kidnapping for which the Petitioner received a total effective sentence of thirty-seven years in prison. (Doc. No. 1); State v. Jones, No. M2015-00720-CCA-R3-CD, 2016 WL 3621513 (Tenn. Crim. App. June 29, 2016), perm. app. denied (Tenn. Sept. 22, 2016). The Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed his conviction and sentence on June 29, 2016. Id. The Tennessee Supreme Court denied his application for permission to appeal on September 22, 2016. Id.

---

[1] The warden of the Whiteville Correctional Facility where the Petitioner currently resides has changed from Bruce Westbrooks to Avril Chapman. Therefore, the named Respondent will be modified pursuant to Habeas Rule 2.

On October 28, 2016, the Petitioner filed an amended petition for writ of habeas corpus. (Doc. No. 11). On February 14, 2017, the Petitioner filed a supplemental petition for writ of habeas corpus. (Doc. No. 22). The Petitioner filed a Notice of Voluntary Dismissal (Doc. No. 26) on February 28, 2017, which the Court granted on March 8, 2017, dismissing the Petitioner's claims without prejudice. (Doc. No. 27).

On March 20, 2017, the Petitioner filed a motion to reopen his case. (Doc. No. 31). On April 4, 2017, the Court ordered the Respondent to file an answer, plead or otherwise respond to the petition. (Doc No. 39). On May 8, 2017, the Respondent filed a motion to dismiss for failure to exhaust state remedies. (Doc. No. 52).

On September 12, 2017, the Petitioner filed a pro se motion for post-conviction relief in the Criminal Court of Davidson County, Tennessee. (Doc. No. 75). The state court entered an order on October 20, 2017, "to appoint post-conviction counsel and advise Petitioner of the parameters of post-conviction relief pursuant to the Post-Conviction Procedure Act and Tennessee case law." (Id. at 10, 11). On October 30, 2017, after appointing counsel, the state court ordered that an evidentiary hearing on the merits of the petition would not be docketed until the Petitioner filed an amended petition. (Doc. No. 98 at Page ID# 1449). According to the Respondent, as of June 14, 2018, the Petitioner has been appointed counsel and his post-conviction petition remains pending. (Doc. No. 102 at #1465). The Clerk of the Criminal Court of Davidson County informed the Respondent that there has been no change in the status of the case and that a June 29, 2018, court hearing is scheduled. (Id.)

On February 2, 2018, the Court denied the Respondent's motion to dismiss for failure to exhaust state remedies and stayed the Petitioner's case pending the conclusion of his post-conviction proceedings. (Doc. No. 80).

On April 16, 2018, the Petitioner filed an amended motion to reopen this case. (Doc. No. 90). By Order entered on April 25, 2018, the Court denied the Petitioner's motion to reopen, finding that the Petitioner failed to demonstrate that his state court proceedings had concluded. (Doc. No. 96).

The Petitioner then filed a supplement to his April 16, 2018 motion to reopen (Doc. No. 94) and a response to the Court's most recent Order in which he invokes Rule 60 of the Federal Rules of Civil Procedure (Doc. No. 98). The Petitioner alleges that the Court has authority to hear his current requests because he is seeking to avoid a second trial on the ground that it would violate the Double Jeopardy Clause. According to the Petitioner, his claims constitute the type of extraordinary circumstances recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings; for example, the Petitioner alleges that the state has brought prosecutions against him in bad faith, that he has been harassed, and that Respondent is threatening to initiate new prosecutions against him. (Doc. Nos. 94 at #1422 & 98 at #1437-38, #1450).

By Order entered on June 4, 2018, the Court ordered the Respondent to respond to the arguments raised in Docket Nos. 94 and 98. (Doc. No. 101). In its response, the Respondent contends that the Petitioner's motion to reopen, his request for Rule 60 relief, his request that this Court intervene, and his alternative request for a declaratory judgment and an injunction should be denied. (Doc. No. 102).

## II. <u>Analysis</u>

Once again, the Petitioner asks this Court to intervene in his ongoing state post-conviction proceedings. An abstention under <u>Younger v. Harris,</u> 401 U.S. 37 (1971), "does not arise from lack of jurisdiction . . . , but from strong policies counseling against the exercise of such jurisdiction

where particular kinds of state proceedings have already been commenced." <u>Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.</u>, 477 U.S. 619, 626 (1986). Those policies, which include comity and federalism, dictate that a federal court must decline to interfere with pending state proceedings involving important state interests, unless extraordinary circumstances are present. <u>Younger</u>, 401 U.S. at 44–45. To abstain under <u>Younger</u>, three requirements must be met: "1) there must be on-going [or pending] state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n</u>, 498 F.3d 328, 332 (6th Cir. 2007) (quoting <u>Squire v. Coughlan</u>, 469 F.3d 551, 555 (6th Cir. 2006)). If these requirements are met, a federal court should abstain absent extraordinary circumstances, such as "bad faith, harassment, or flagrant unconstitutionality." <u>Id.</u> at 335 (quoting <u>Squire</u>, 469 F.3d at 557).

The three factors that support <u>Younger</u> abstention are present in this case. First, the Petitioner does not dispute that his state court proceedings are ongoing. Indeed, he states: "The petitioner wishes to ENJOIN the state proceedings pending against him." (Doc. No. 94 at #1422).

Second, "a federal court should be loath to assume jurisdiction to interfere with state criminal proceedings, including postconviction proceedings." <u>Baze v. Parker</u>, 632 F.3d 338, 341 (6th Cir. 2011)(citations omitted). Here, the state court action is a post-conviction criminal proceedings and, as such, implicates an important state interest for the purposes of <u>Younger</u>.

Third, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. "Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." <u>Am. Family Prepaid Legal Corp. v Columbus Bar Ass'n</u>, 498 F.3d 328, 334 (6th Cir. 2007)(emphasis in original) (internal quotation marks and citations omitted). The

Petitioner bears the burden of showing that state law bars presentation of his constitutional claims. Id. However, the Petitioner has not alleged that the claims asserted here will not be properly considered in his state court action. If the Petitioner raises his constitutional challenges in state court and the court denies or otherwise fails to consider his constitutional claims, the Petitioner may exercise his right to an appeal under Tennessee law. Because the Petitioner has not demonstrated that he was unable to or precluded from raising his constitutional claims in his state court action, the third Younger requirement is satisfied.

As noted above, there are exceptions to the Younger doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," Moore v. Sims, 442 U.S. 415, 424 (1979)(quoting Huffman, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir. 1986).

Here, the Petitioner contends that the state's prosecution of him "was brought in bad faith and harassment" and that the state is threatening to initiate new prosecutions against him. (Doc. No. 94 at #1422). He also contends that "his state statute and current statute on post-conviction being enforced is [sic] unconstitutional on its faces . . . ." (Id.) However, to overcome the bar of Younger abstention, a party must do more than set forth mere allegations of bad faith or harassment. See Amanatullah v. Colorado Bd. of Med. Exam'rs, 187 F.3d 1160, 1165 (10th Cir. 1999) (citing Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997)). The Petitioner has not supported his assertions with sufficient evidence. The burden on the Petitioner is high, and his

unsupported contentions do not establish that any exception to the <u>Younger</u> doctrine is warranted in this case at this time.

Next, in his "Response to Document No. 96," the Petitioner cites Federal Rule of Civil Procedure 60 and alleges that the Court erred in denying his motion to reopen. He alleges, again, that "double jeopardy violations are occurring," that he is being retried for the same offense, and that his right to a speedy trial was violated. (Doc. No. 98 at ID# 1436-1443). However, the Petitioner does not establish that any prosecutor has attempted, or is attempting, to retry him for charges of which he already has been convicted. The only reason the Petitioner is in state court again is because *he* initiated the post-conviction proceedings.

Rule 60(a) allows the court to, on motion or sua sponte, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The purpose of this rule is "to authorize the court to correct errors that are mechanical in nature" and does not authorize the court "to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment.'" <u>In re Walter</u>, 282 F.3d 434, 440 (6th Cir. 2002)(quoting <u>Olle v. Henry & Wright Corp.</u>, 910 F.2d 357, 364 (6th Cir. 1990)). The Petitioner has not alleged any clerical mistakes of the nature intended by Rule 60(a). Therefore, he cannot rely on Rule 60(a) to support his request for reconsideration of the Court's Order denying his motion to reopen.

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; (6) the judgment is based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). However, Rule 60(b) only applies to parties seeking relief from a final judgment, order, or proceedings. The Petitioner's motion seeks relief from an interlocutory order. Therefore, Rule 60(b) does not apply. Dassault Systemes, SA v. Childress, 663 F.3d 832, 840 (6th Cir. 2011)("Rule 60(b) applies only to final, appealable judgments.").

A request to make a legal or factual correction in an interlocutory order, such as the Plaintiff's request, must be brought as a motion to reconsider. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004). While the Federal Rules of Civil Procedure fail to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Id. at 959 (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)); accord In re Life Investors Ins. Co. of Am., 589 F.3d 319, 326 n. 6 (6th Cir. 2009). Thus, district courts may "afford such relief from interlocutory orders as justice requires," a standard that "vests significant discretion in district courts." Rodriguez, 89 Fed.Appx. at 959. "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening chang e of controlling law; (2) new evidence available; or (3) a need to correct a clear error of law or prevent manifest injustice." Louisville/Jefferson Cnty., Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez, 89 Fed. Appx. at 959).

Even if the Court were to construe the Petitioner's motion as a motion to reconsider an interlocutory order, the Petitioner has not established any of the three justifications for reconsideration of the Court's interlocutory order. The Petitioner has not alleged an intervening

change of controlling law.  He has not proffered any new evidence.  Although the Petitioner appears to allege that this Court needs to correct a clear error of law or to prevent a manifest injustice, he has failed to establish that such an injustice occurred when this Court denied his motion to reopen based on his pending state court proceeding.

**III.**   **Conclusion**

For the reasons explained above, the Petitioner's request that this Court intervene in the pending state post-conviction proceedings will be denied.  The Petitioner's supplemental motion to reopen case (Doc. No. 94) also will be denied.

An appropriate Order will be entered.


_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE