IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CEDRIC JONES,                                    )
                                                 )
            Petitioner                           )
                                                 )      NO. 2:16-cv-02631
      v.                                         )
                                                 )
State of Tennessee Attorney General, AND         )
GRADY PERRY, Warden,                             )
                                                 )
            Respondent.                          )

TO:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Presently pending is the Petitioner's Motion for a Temporary Restraining Order (TRO),

Preliminary Injunction or Alternatively for a Subpoena concerning the Petitioner's legal file from

former counsel (DE 150). For the reasons stated below, the Magistrate Judge recommends this

Motion be denied as Moot.

## I. Background

This is a Habeas Corpus Petition filed by the Petitioner on October 6, 2016 (DE 1). The

habeas corpus part of this case has led a somewhat tortured and confusing progression. The present

motion for a TRO and other relief does not directly address the merits of habeas corpus petition.

Rather it addresses the Petitioner's desire to obtain approximately four (4) boxes of files from one

of his previous attorneys, Ms. Smith. Ms. Smith is not a party to this habeas corpus and has never

been formally served by the Petitioner. Nevertheless, since Chief Judge Crenshaw referred the

motion to me for a Report and Recommendation (DE 152) I undertook to get a better understanding

of what was involved in the matter (DE 158) and Ms. Smith filed a response explaining the

circumstances of her having several boxes of the Petitioner's files and her efforts to return the material to him. At no time has Ms. Smith refused to return the files to the Petitioner (DE 160). Ms. Smith points out she is at least the fifth attorney involved with representing Mr. Jones and that she had received from his previous attorneys four (4) large banker boxes weighing between 40 to 75 pounds each and she retained the boxes after Mr. Jones requested she be terminated as his attorney and she was relieved of those responsibilities (see DE 160-4).

Subsequently, Mr. Jones filed a 90-page response which failed to address the issues in the TRO of what to do with the four (4) boxes of his files in Ms. Smith's possession (DE 163).

Subsequently I entered an order (DE 165) requesting the Warden where the Petitioner was confined to advise if there was a process by which the boxes could be sealed and delivered to the Petitioner who is housed some distance from Nashville. Despite being under no obligation to act in the matter, the Warden through counsel responded to my request and set forth a procedure by which Ms. Smith could deliver the boxes to Tennessee Department of Corrections (TDOC) for transportation to the Petitioner at the facility where he is presently incarcerated (DE 170).

Based on the Warden's response, I entered an Order approving the procedure for the transfer of the files on November 19, 2019 (DE 171).

I have been advised by TDOC and Ms. Smith that she has delivered the files to TDOC for transportation to the petitioner earlier this week.

## II. Legal Discussion

The Plaintiff's request (DE 150) in simple terms was a request to obtain the files in Ms. Smith's possession. It appears that has been accomplished and therefore the request and relief he sought is moot and since this is the only matter referred to me the referral to me should be terminated

[1] **II.  Recommendation**

For the reasons stated above, the Magistrate Judge recommends the Motion for Temporary Restraining Order (DE 150) be denied as moot.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,


/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[1]