UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Petitioner, | ) |
| | ) No. 3:16-cv-02631 |
| v. | ) |
| GRADY PERRY, Warden, | ) |
| Respondent. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court are the following pro se motions by Petitioner: "Motion for an Order Instructing the Respondent to Answer the Petitioner's Granted Amended Petition or Release Him" (Doc. No. 185); "Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent" (Doc. No. 186); Motion to Appoint Counsel (Doc. No. 187); Motion for Extension to File a Formal Response to Respondent's Answer (Doc. No. 189); and Motion to Take Notice of Judicial Facts (Doc. No. 190). Respondent has not responded to any of these motions.

**"Motion for an Order Instructing the Respondent to Answer the Petitioner's Granted Amended Petition or Release Him" (Doc. No. 185); Motion for Extension to File a Formal Response to Respondent's Answer (Doc. No. 189)**

In order to understand the arguments made by Petitioner in these motions (Doc. Nos. 185 and 189), the Court must retrace much of the procedural history of this case.

On October 3, 2016, petitioner filed a pro se petition for a writ of habeas corpus. (Doc. No. 1). On October 25, 2016, Petitioner filed an amended petition for writ of habeas corpus. (Doc. No. 11). On February 14, 2017, Petitioner filed a supplemental for writ of habeas corpus. (Doc. No.

1

22). On March 6, 2017, Petitioner sought to voluntarily dismiss his case, and the Court dismissed the case without prejudice by Order entered on March 8, 2017. (Doc. No. 27).

On March 20, 2017, Petitioner filed a motion to reopen his case. (Doc. No. 31). On April 14, 2017, the Court ordered Respondent to file an answer, plead or otherwise respond to the petition. (Doc. No. 39). On May 8, 2017, Respondent filed a motion to dismiss for failure to exhaust state remedies. (Doc. No. 52). Because Petitioner had not responded to Respondent's pending motion to dismiss, the Court ordered Petitioner to file a response, if desired, by December 28, 2017. (Doc. No. 72). The Court instructed Petitioner to specifically address whether he was in the process of exhausting his available state court remedies or whether he intended to proceed only on the exhausted claims in the petition. (Id. at 1). Petitioner responded by filing a "motion to amend petition to present only exhausted claims to the Federal District Court or grant a continuance." (Doc. No. 76). On February 18, 2018, the Court granted Petitioner's motion to reopen his case, but held the petition in abeyance pending Petitioner's exhaustion of his state court remedies. (Doc. No. 80).

On September 23, 2019, the Court granted Petitioner's motion to reopen his case based on the conclusion of his state court proceedings. (Doc. No. 156). In the same Order, the Court granted Petitioner's motion to amend his petition, concluding that the amended petition (Doc. No. 148) should be allowed as a supplement to the original petition. The Court directed Respondent to file an answer, plead or otherwise respond to the amended petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of receipt of the Court's Order. (Id. at 2).

On October 15, 2019, Petitioner filed a document entitled "Supplemental/Amended Petition." (Doc. No. 161). Respondent filed an answer on December 12, 2019. (Doc. No. 180).

Petitioner now alleges that Respondent did not answer the proper petition and asks the Court to order Respondent to answer Petitioner's "granted amended petition or release him." (Doc. No. 185). Petitioner alleges that the document he filed on October 15, 2019, entitled "Supplemental/Amended Petition" (Doc. No. 161) is the amended petition that the Court permitted in its Order of September 23, 2019. (Doc. No. 156). However, Petitioner misreads the Court's Order. With regard to Petitioner's request to amend his petition (Doc. No. 148), the Court ruled as follows:

> Here, some of the claims raised in the <u>proposed amended petition</u> are identical to claims asserted in the original petition. Others are of the same type and time as the claims asserted in the original petition. Based on the above, the Court finds that Petitioner's motion to amend is supported by good cause. <u>See</u> Fed. R. Civ. P. 15. In addition, Respondent has not filed a response in opposition to the motion to amend, and the time for doing so has now passed. M.D. Tenn. L.R. 7.01(a)(3). The Court interprets the absence of any response as a waiver of objection, and an independent basis for granting the unopposed motion. <u>See</u> M.D. Tenn. L.R. 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court.").
> 
> The Court concludes that the amended petition should be allowed as a supplement to the original petition and that the claims and arguments contained therein should be considered along with the original petition. Accordingly, Petitioner's motion to amend his petition (Doc. No. 148) is hereby **GRANTED**.

(Doc. No. 156 at 2) (emphasis added). The proposed amended petition referenced by the Court consists of the document and supporting attachments Petitioner filed on August 9, 2019. (Doc. No. 148 & Attach.). As the Court explained, "the amended petition [Doc. No. 148] should be allowed as a supplement to the original petition and … the claims and arguments contained therein should be considered along with the original petition." (Doc. No. 156 at 2). The Court did not, as Petitioner alleges, grant Petitioner permission to file *yet another* amendment or supplement. In other words, Petitioner has *not* received permission from the Court to file the "Supplemental/Amended Petition"

he filed by Petitioner on October 15, 2019—*after* the Court's Order directing Respondent to respond to "the amended petition as a supplement to the original petition." (Id.)

Petitioner's instant motion brings to light yet another consideration. What petition was Petitioner amending/supplementing by filing Docket No. 148? After filing his original petition (Doc. No. 1), Petitioner filed an amended petition (Doc. No. 11) and a supplemental petition (Doc. No. 22). These documents would have been permitted under Federal Rule of Civil Procedure 15, but the Court never reached that point because Petitioner's petition was dismissed without prejudice for failure to exhaust. (See Doc. No. 79 at 4) (identifying Petitioner's amended and supplemented petitions). Therefore, when the Court allowed Petitioner's amendments of August 9, 2019 (Doc. No. 148 & Attach.), the Court permitted amendments to the petition that already had been amended on October 25, 2016, and supplemented on February 14, 2017.[1]

In any event, a cursory review of the answer filed by Respondent (Doc. No. 180 at 8) reveals that Respondent only responded to the four claims raised Petitioner's original petition—that is, the petition filed on October 3, 2016. (Doc. No. 1). Although Petitioner is incorrect in asserting that Respondent failed to respond to the "Supplemental/Amended Petition" filed by Petitioner on October 15, 2019, Petitioner is correct that Respondent has not answered all of the claims raised in Petitioner's petition as amended and supplemented as of September 23, 2019.

Given the many amendments and supplements filed by Petitioner spanning a three-year period, it is the opinion of the Court that all parties would be best served by designating Petitioner's most recently filed petition—"Supplemental/Amended Petition" filed on October 15, 2019—as

---

[1] Petitioner alleges that he previously filed an amended petition that was "buried inside" (Doc. No. 185 at 2) the document he entitled "Judicial NOTICE of filings and Exhaustion law." (Doc. No. 33). Petitioner is incorrect. The Court told Petitioner that he cannot litigate this action by way of letters and notices to the Court. (Doc. No. 79 at 5). Furthermore, the Court does not act upon proposed amendments to a petition that are "buried inside" another document.

the governing petition in this case. It is clear from Petitioner's recently filed motions that is his desire. Furthermore, it will be much easier for Respondent to respond to a single petition rather than responding to piece-meal claims made over the course of multiple filings. Accordingly, the Court will designate Docket No. 161 as the governing petition in this case, and no further amendments or supplements will be permitted. Respondent will be given an appropriate amount of time to submit an amended answer responding to the claims raised in Docket No. 161. In addition, Petitioner's motion requesting an extension to respond to Respondent's Answer (Doc. No. 189) will be granted, as Respondent will be filing an amended answer.

### "Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent" (Doc. No. 186); Motion to Take Notice of Judicial Facts (Doc. No. 190)

Respondent will be directed to respond to Petitioner's motions.

### Motion to Appoint Counsel (Doc. No. 187)

Petitioner has filed a motion seeking the appointment of counsel. (Doc. No. 187). He states that he is indigent, the legal issues he raises are complex, and that his ability to investigate matters in this case are extremely limited due to his incarceration. (Id. at 2).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

5

Petitioner's circumstances as described are typical to most prisoners. See Murray v. Giarratano, 492 U.S. 1, 7 (1989) (pro se litigant); Richmond v. Settles, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Petitioner has filed numerous, lengthy, and detailed filings in this case over a period of years and therefore demonstrates that he is able to prosecute his case. Therefore, his motion for the appointment of counsel (Doc. No.187) will be denied.

## CONCLUSION

For the reasons explained herein, the Court rules as follows:

The Court designates the "Supplemental/Amended Petition" filed on October 15, 2019 (Doc. No. 161) as the governing petition in this case, and no further amendments or supplements will be permitted by Petitioner;

Petitioner's "Motion for an Order Instructing the Respondent to Answer the Petitioner's Granted Amended Petition or Release Him" (Doc. No. 185) is **GRANTED** insofar as Respondent is **DIRECTED** to file an amended answer to the "Supplemental/Amended Petition" filed on October 15, 2019, within 60 days of entry of this Order;

Petitioner's motion requesting an extension to respond to Respondent's Answer (Doc. No. 189) is **GRANTED** insofar as Petitioner will be permitted to respond to Respondent's amended answer in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court;

Respondent is **DIRECTED** to respond to Petitioner's "Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent" (Doc. No. 186) and "Motion to Take Notice of Judicial Facts" (Doc. No. 190) within 30 days of entry of this Order; and

Petitioner's Motion to Appoint Counsel (Doc. No. 187) is **DENIED**.

No further filings are required by Petitioner at this time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE