UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CEDRIC JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:16-cv-02631** |
| **v.** | ) | |
| | ) | |
| **GRADY PERRY, Warden,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Pending before the Court are the following eight pro se motions filed by Petitioner: Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent (Doc. No. 186); Motion to Take Notice of Judicial Facts (Doc. No. 190); Motion to Take Notice of Judicial Facts as to Claims 3 and/or Doc. No. 161 (Doc. No. 195); Motion for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. No. 196); Motion for Relief from a Judgment or Order, Rule 60 (Doc. No. 205); Motion to Take Judicial Notice of Adjudicated Facts and Perjury Committed by the Respondent (Doc. No. 213); and Second Motion for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. No. 215). Also pending is a Motion to Substitute Counsel for Respondent Grady Perry filed by Respondent. (Doc. No. 218).

### I.    Rule 60 Motion

Petitioner has filed a "Motion for Relief from a Judgment or Order, Rule 60" (Doc. No. 205) in which he seeks relief from the Court's Order of April 1, 2020. (Doc. No. 200). By Order entered on that date, the Court adopted the Report and Recommendation ("R&R") of the

1

Magistrate Judge to deny as moot Petitioner's motion for a temporary restraining order ("TRO"). (Id.)

Petitioner filed his TRO motion in early September 2019, alleging that his post-conviction counsel LeAnn Smith had threatened to destroy Petitioner's legal files if he did not arrange for a family member or friend to retrieve the files in person. (Doc. No. 150 at 1). In his TRO motion, Petitioner stated that he "ha[d] been unable to locate anyone in Nashville to pick up his legal boxes and that he ha[d] made a diligent effort to have [the files] given to him while in the court with Judge Blackburn and counsel Smith, but both refuse[d] to use State funding to send him his legal files." (Id. at 4). By Order entered on September 9, 2019, the Court referenced counsel's letter to Petitioner (attached to Doc. No. 151) which made clear that counsel had not refused to return Petitioner's legal file to him outright; instead, counsel had stated that "it is impossible to mail/deliver that size of legal documents." (Id., Attach. 1 at 2). The Court noted that there may be facility restrictions as to how many files/boxes Petitioner can possess in his cell; however, such restrictions do not make the mailing of Petitioner's file "impossible." (Doc. No. 152 at 2 n.2). The Court then referred Petitioner's TRO motion to the Magistrate Judge. (Id. at 2).

In an attempt to resolve the problem with Petitioner's legal files, the Magistrate Judge spoke with Ms. Smith and Respondent through counsel, who conveyed that the Warden had approved a procedure by which Ms. Smith could deliver the boxes of Petitioner's legal files to the Tennessee Department of Correction (TDOC) for transportation to Petitioner at his facility. (Doc. No. 188 at 2). After Ms. Smith advised the Magistrate Judge that she had delivered the files to TDOC for transportation to Petitioner, the Magistrate Judge recommended in his R&R that Petitioner's TRO motion be denied as moot because "Plaintiff's request (DE 150) in simple terms was a request to obtain the files in Ms. Smith's possession. It appears that has been accomplished

2

and therefore the request and relief he sought is moot . . . ." (Doc. No. 188 at 2). Petitioner did not file any objections to the R&R. The Court then adopted the R&R of the Magistrate Judge to deny the TRO motion as moot, finding that "[i]t appears that Petitioner is now in receipt of his legal file." (Doc. No. 200 at 2).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for five enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). However, the Court's adoption of the R&R did not dispose of this action; Petitioner's petition for writ of habeas corpus and several other motions remain pending. Therefore, Petitioner's instant motion, though filed pursuant to Rule 60, does not seek relief from a final judgment as is contemplated by Rule 60(b).

Nevertheless, a district court has the authority to consider a motion for reconsideration under certain circumstances, both before and after the entry of final judgment. Before final judgment, "[d]istrict courts have authority both under [federal] common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case . . . ." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). After final judgment, a motion for reconsideration "that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." In re Greektown Holdings, LLC, 728 F.3d 567, 574 (6th Cir. 2013). Therefore, the Court will consider Petitioner's motion as a Rule 54(b) motion to reconsider an interlocutory order.

First, Petitioner alleges that, because the Court did not mail him a copy of the R&R prior to its adoption by the Court, he did not have an opportunity to timely file objections to the R&R.

3

(Doc. No. 205). The Court has reviewed the docket, and it appears that Petitioner is correct about his lack of notice and opportunity to object. The Court adopted the R&R by Order entered on April 1, 2020. (Doc. No. 200). For unknown reasons, the R&R—which was entered on January 17, 2020—was not mailed to Petitioner until April 7, 2020.[1]

Petitioner makes clear that, had he been able to object to the R&R, he would have pointed out that he received four boxes of legal files from Ms. Smith but the boxes did not contain "his preliminary hearing transcript from General Session Court, case No. 481605 in Nashville, Tennessee's Court at Davidson County which was said to have been in his files at his Post-Conviction hearing on 06/05/2019." (Doc. No. 205 at 2). In fact, this missing transcript is the basis in part for his pending Motion for Discovery. (Doc. No. 186). Petitioner insists that he is entitled to a transcript of this hearing because it supports at least one claim raised in his federal habeas petition.

Petitioner concedes that he received four boxes "off the chain bus" on January 13, 2020, which contained the legal files Ms. Smith had been retaining for Petitioner. (Doc. No. 190 at 2). Therefore, the relief he sought in his TRO has, in fact, been obtained. Petitioner, however, is disappointed that the boxes provided by Ms. Smith did not contain the preliminary hearing transcript he seeks—the same preliminary hearing transcript to which Petitioner has insisted he is entitled for years and has not been able to obtain. But Petitioner is well aware that the post-conviction court addressed the transcript issue in open court during several status hearings as well as in written orders filed on October 12, 2018, December 4, 2018, and January 18, 2019, and determined that "[t]here was no indication in the record that a transcript of the preliminary hearing

---

[1] Petitioner notified the Court by letter received on April 6, 2020 that he had not received a copy of the R&R prior to receiving the Court's Order adopting the R&R. (Doc. No. 203). One day later, the Clerk's Office mailed a copy of the R&R to Petitioner.

4

was requested prior to trial." (Doc. No. 179, Attach. 1 at 16). Likewise, Petitioner is well aware that Ms. Smith had advised the Court in 2019 that she had been unable to locate a preliminary hearing transcript (Doc. No. 179, Attach. 1 at 16); that, during Petitioner's post-conviction hearing, trial counsel testified that he was "not sure" if he had obtained a transcript, could not locate the transcript, and he had provided Petitioner with all of the case materials in his possession at Petitioner's request, which would have included the transcript if it existed (Doc. No. 179. Attach. 1 at 39); and that the post-conviction court noted that, as of August 1, 2019, that "no transcript of the preliminary hearing has been located." (Doc. No. 179, Attach. 1 at 44). It is disingenuous for Petitioner to now complain that the legal files forwarded to him by Ms. Smith are missing the transcript that he knows no one has been able to produce for years.

The Court has carefully considered the objections Petitioner states that he would have made and finds that those objections would have been overruled. The Court further finds that, even though Petitioner was not given an opportunity to object to the R&R prior to its adoption by the Court, Petitioner is not entitled to relief from the Court's Order adopting the R&R. Petitioner has received the boxes of legal materials that were the subject of his TRO; therefore, he has obtained the relief he sought in his TRO. Consequently, Petitioner's motion (Doc. No. 205) will be denied.

## II. "Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent" (Doc. No. 186)

### A. Discovery and Transcription of CD

Petitioner requests that the "CD" of his "preliminary hearing" be transcribed. (Doc. No. 186 at 1, 4). The only compact disc that appears in the state court record is Exhibit 9, which contains surveillance video footage from the storage unit where Petitioner raped the victim, his fourteen-year-old daughter. Respondent filed this disc on December 20, 2019. (Doc. No. 181).

After some initial confusion, Petitioner has clarified that he seeks "[a] transcript of his preliminary hearing from General Sessions Court case No. 481605 ('aka' case 3600-00-75047 from inquisitors investigative services) be transcribe from General Session Court at Nashville, Tennessee[.]" (Doc. No. 199 at 10). This is the same preliminary hearing transcript that Petitioner had hoped to find in the legal materials provided to him by Ms. Smith.

To support his contention that the transcript exists, Petitioner cites to a single page he attached to his Supplemental/Amended petition; this page purports to be all or part of a summary transcript in the "Cedric Jones File" in "Case No. 3600-00-75047" of a preliminary hearing that occurred on May 3, 2012. (Doc. No. 161, Attach 5 at 1). However, the unauthenticated document to which Petitioner cites is not a part of the state court record. Respondent filed three preliminary hearing transcripts with the index of the state court record on December 18, 2019. (Doc. No. 178, Attachs. 4, 5, 6). The dates of those hearings are May 14, 2012 (Doc. No. 178, Attach. 4), May 23, 2012 (Id., Attach. 5), and June 15, 2012 (Id., Attach. 6). None of the case numbers match the case number of the preliminary hearing transcript Petitioner seeks. The state case number for the conviction pertinent to Petitioner's federal habeas action is Davidson County Case No. 2010-B-1532. (Doc. No. 178, Attach. 1 at 1). If this May 3, 2012, preliminary hearing occurred in a different case, the transcript of the hearing is inapplicable to the present case. If, in the alternative, Petitioner seeks the transcript of a hearing not contained in the state court record, Respondent contends that Petitioner is not entitled to discovery or to the expansion of the record. (Doc. Nos. 198, 208).

Habeas petitioners do not have an automatic right to discovery. See Johnson v. Mitchell, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent

part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." Williams v. Bagley, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing Bracy v. Gramley, 520 U.S. 899, 908–09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. Id. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." Id.

Regarding expansion of the record, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief . . . [i]t may be perfectly appropriate . . . for the district court to proceed by requiring that the record be expanded." Id. (quoting Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970)). Thus, Rule 7 suggests that the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

Additionally, if a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." Samatar v. Clarridge, 225 F. App'x 366, 375 (6th Cir. 2007) (citing Owens v. Frank, 394 F.3d 490, 499

(7th Cir. 2005)). Therefore, Petitioner must also satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2)      If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>> (A)      the claim relies on—
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B)      the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B).

Here, Petitioner alleges that his discovery request is made in relation to his claim found in Ground 1, that he "was denied a FAIR TRIAL" because Judge Cheryl A. Blackburn was not "impartial" during his trial. (Doc. No. 199 at 2). Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals denied the claim on its merits. State v. Jones, 2016 WL 3621513, at **7-8 (noting, among other things, that Jones "failed to include the transcripts of the bond proceedings that form the basis of his motions to recuse, precluding our review of the issue"). In this case, the Court has not yet decided Petitioner's claims using the pleadings and current state-court record; therefore, at this time, expansion of the record is premature and unwarranted according to Rule 7's advisory notes. R. 7(a), R. Gov'g § 2254 Cases and advisory committee's note; Flores v. Holloway, No. 3:17o-cv-00246 2018 WL 573121, at *4. In addition, Petitioner fails to satisfy the prerequisites set forth in Section 2254(e). See Samatar, 225 F. App'x at 375.

8

Consequently, if the Court construes Petitioner's request as a motion to expand the record, the Court must deny the motion at this time.

If a claim is properly exhausted in state court, discovery is futile. Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011) (holding that "review is limited to the record that was before the state court that adjudicated the claim on the merits"); Moore v. Mitchell, 708 F.3d 760, 780 (6th Cir. 2013) (under Pinholster, habeas courts may not consider additional evidence that was not presented to the state courts if claim was adjudicated on the merits); Miller v. Genovese, No. 1:15-cv-1281, 2018 WL 1053545, at *1 (W.D. Tenn. Feb. 26, 2018) (denying discovery as "futile" under Pinholster if the claim was adjudicated in state court). Pursuant to Pinholster, because Petitioner's impartial judge/right to a fair trial claim was adjudicated on the merits by the state court, Petitioner's request for any discovery related to this claim must be denied.

In addition, Petitioner contends that his discovery request is made in relation to the "specific factual allegations found in D.E. 186," where he alleges that Judge Casey Moreland was biased against Petitioner. (Doc. No. 199 at 4).[2] Petitioner alleges that, during his preliminary hearing, "Former Judge Casey Moreland was bias[ed] because he called the Petitioner 'a piece of shit' . . . ." (Doc. No. 199 at 4). As alleged in Petitioner's Supplemental/Amended petition, Petitioner asserts that this claim was raised in his pro se post-conviction petition as Ground 20. (Id.) But this claim is procedurally defaulted and barred from review.

---

[2] As made clear in Petitioner's many filings, he also seeks the preliminary hearing transcript because he believes it exposes the victim's contradictory statements regarding whether Petitioner had a firearm in his possession at the time he drove the victim to the storage unit. (Doc. No. 186 at 5, 8). Petitioner alleges that trial counsel was ineffective by failing to bring these inconsistent statements to the jury's attention. However, in his motion seeking discovery, Petitioner does not link his request for the discovery of the transcript to this other claim. Therefore, the Court will not consider the request as it relates to Petitioner's ineffective assistance of trial counsel claim based on the failure to impeach the victim. While reviewing all of the claims raised in Petitioner's Supplemental/Amended petition, should it become necessary for the Court to consider Petitioner's request for discovery of the preliminary hearing transcript at issue, the Court will take appropriate action. Petitioner need not submit any additional filings. Doing so will delay the Court's resolution of his habeas petition.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (citation omitted); Gray v. Netherland, 518 U.S. 152, 162–63 (1996) (the substance of the claim must have been presented as a federal constitutional claim). This rule has been interpreted by the Supreme Court as one of total exhaustion. Rose v. Lundy, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

Claims that are not exhausted are procedurally defaulted and "ordinarily may not be considered by a federal court on habeas review." Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002). "In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review." Id. at 386. The burden of showing cause and prejudice to excuse defaulted claims is on the habeas petitioner. Lucas v. O'Dea, 179 F.3d 412, 418 (6th Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 754 (1991)).

A petitioner may establish cause by "show[ing] that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 488. Objective impediments include an unavailable claim or interference by officials that made compliance

10

impracticable. Id. Constitutionally ineffective assistance of trial or appellate counsel may constitute cause. Murray, 477 U.S. at 488–89. Generally, however, if a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself have been presented to the state courts as an independent claim before it may be used to establish cause. Id. If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

Petitioners in Tennessee also can establish "cause" to excuse the procedural default of a substantial claim of ineffective assistance by demonstrating the ineffective assistance of post-conviction counsel in failing to raise the claim in initial review post-conviction proceedings. See Martinez v. Ryan, 566 U.S. 1, 5-6 (2012) (creating an exception to Coleman where state law prohibits ineffective assistance claims on direct appeal); Trevino v. Thaler, 569 U.S. 413, 429 (2013) (extending Martinez to states with procedural frameworks that make meaningful opportunity to raise ineffective assistance claim on direct ap peal unlikely); Sutton v. Carpenter, 745 F.3d 787, 792 (6th Cir. 2014) (holding that Martinez and Trevino apply in Tennessee). The Supreme Court's creation in Martinez of a narrow exception to the procedural default bar stemmed from the recognition, "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." Martinez, 566 U.S. at 13. In other words, Martinez requires that the ineffective assistance of post-conviction counsel occur during the "initial-review collateral proceeding," and that "the underlying ineffective-assistance-of-trial-counsel claim [be] a substantial one, which is to say that the prisoner must demonstrate that the

claim has some merit." See id. at 13-15.  Importantly, Martinez did not dispense with the "actual prejudice" prong of the standard for overcoming procedural default first articulated by the Supreme Court in Coleman. To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." Perkins v. LeCureux, 58 F.3d 214, 219 (6th Cir. 1995) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the Supreme Court also has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Dretke v. Haley, 541 U.S. 386, 392 (2004) (citing Murray, 477 U.S. at 496).

Although the state court case numbers do not match, it is clear that Petitioner has pursued, and state courts have considered to some extent, judicial bias claims relating to Judge Moreland's alleged "piece of shit" comment.  Both on direct appeal and in his post-conviction petition, Petitioner argued that the trial court judge should have recused because of Judge Moreland's statements and rulings during the earlier bond proceedings and because Petitioner had filed a federal lawsuit against Judge Blackburn.[3] On direct appeal, the Tennessee Court of Criminal

---

[3] Petitioner alleges that Judge Moreland presided over the preliminary hearing on May 3, 2012 (during which he allegedly made the "piece of shit" comment) and Judge Blackburn presided over Petitioner's trial. Petitioner has consistently alleged that he did not receive a fair trial in part because Judge Blackburn did not recuse herself after Judge Moreland made a derogatory comment about Petitioner during a previous hearing related to the case. The Court reiterates that the case number for the purported Moreland preliminary hearing does not match the case number for the convictions and sentence challenged by the instant federal habeas petition. Petitioner does not explain this discrepancy.

Appeals criticized Jones for waiting almost two years after the bond proceedings to file his first motion to recuse, filing it the week before the scheduled trial date. Jones, 2016 WL 3621513, at **7-8. The state appellate court found that "neither the trial court's adverse rulings nor the filing of a federal lawsuit against the judge are sufficient grounds to disqualify the judge." Id. In addition, the court noted that defendant failed to include the transcripts of the bond proceedings that formed the basis of his motions to recuse, precluding the court's review of the issue. Id.[4]

In his post-conviction petition, Petitioner again pointed to Judge Moreland's alleged comment, arguing that trial counsel was ineffective by failing to provide Petitioner with a copy of the preliminary hearing transcript in order to prove that the trial judge was biased.[5] (Doc. No. 179, Attach. 1 at 43). During Petitioner's post-conviction hearing, trial counsel testified that he believed at one point he had reviewed the preliminary hearing transcript and, at Petitioner's request, he gave his case file to him; thus, all materials related to Petitioner's case, including the preliminary hearing transcript, if it existed, would have been in the box he provided to Petitioner, although trial counsel could not be sure he ever ordered the transcript. (Id.) The post-conviction court noted that, to date, no transcript of the preliminary hearing had been located. (Id.) However, the court found that, as it had noted from the bench during the post-conviction evidentiary hearing, "the General Sessions proceeding is not relevant to the Petitioner's post-conviction claims." (Id.) The court further found that Petitioner had not met his burden of establishing that trial counsel was ineffective by not providing Petitioner a hard copy of his preliminary hearing transcript nor had he has shown any

---

[4] As best the Court can discern, Petitioner may be confusing the term "bond proceedings" with "preliminary hearing," although this confusion does not entirely explain the discrepancy in state case numbers as detailed herein. Furthermore, this possible confusion appears to have been shared by other parties to Petitioner's state proceedings and the instant proceedings because Petitioner continues to refer to his "preliminary hearing" before Judge Moreland.

[5] Again, the Court notes that Petitioner points to a comment allegedly made by Judge Moreland in part to support his claim of judicial bias against Judge Blackburn. The Tennessee Court of Criminal Appeals did not address this curious component of Petitioner's argument on direct appeal, nor did the post-conviction court.

actual prejudice from the alleged deficiency. (<u>Id</u>. at 44). The court denied petitioner's ineffective assistance of trial counsel claim based on the missing transcript. (<u>Id</u>.)

Petitioner did not appeal the denial of his post-conviction petition.[6] Because Petitioner failed to exhaust his claim to the highest state court, and a state procedural rule prohibits the state court from extending further consideration to the claim, the claim is deemed exhausted (because there is no "available" state remedy) but procedurally defaulted from federal habeas review.  <u>See</u> <u>Coleman</u>, 501 U.S. at 752-53. The time for raising the claim in the state courts has passed.  <u>See</u> Tenn. Code Ann. § 40-30-106(g); Tenn. Code Ann. §§ 40-30-102(a), (c) (setting one-year limitations period for post-conviction relief).  Petitioner is now barred by the post-conviction statute of limitations and restrictions on successive state petitions from raising the claim at this time.

Petitioner seems to acknowledge his default of this claim (Doc. No. 161 at 18) and attempts to excuse his default by pointing to the shortcomings of counsel. (<u>Id</u>. at 18-20). Petitioner faults trial counsel for not obtaining, or for mislocating, the preliminary hearing transcript that Petitioner believes supports his judicial bias claim. Petitioner alleges that that he could not exhaust his claim of ineffectiveness of trial counsel because post-conviction counsel was ineffective by "holding on to his legal files" which "denied him the opportunity to present his claim . . . ." (<u>Id</u>. at 19). Thus, it appears that Petitioner is attempting to rely on the alleged ineffective assistance of post-conviction counsel to establish the cause and prejudice necessary to excuse the procedural default of his claim that trial counsel was ineffective by failing to procure the transcript and use it to support Petitioner's judicial bias claim.

---

[6] In his Supplemental/Amended petition, Petitioner states that "the court of criminal appeals denied the petitioner's appeals, and interlocutory appeals" related to his post-conviction petition. (Doc. No. 161 at 10). Respondent, however, maintains that Petitioner did not appeal from the denial of his petition for post-conviction relief, and the Court has found no records thereof.

Martinez permits a petitioner to establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. See 566 U.S. at 9. This holding, however, does not dispense with the "actual prejudice" requirement established by the Supreme Court in Coleman. 501 U.S. at 750. "That is, the petitioner must show both that his post-conviction counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." Thorne v. Hollway, No. 3:14–CV–0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting Clabourne v. Ryan, 745 F.3d 362, 376 (9th Cir. 2014)).

The Sixth Circuit has directed that a district court considering ineffective assistance of counsel claims under Martinez must first address whether the petitioner can demonstrate "(1) the absence or ineffective assistance of his post-conviction counsel and (2) the 'substantial' nature of his underlying [ineffective assistance of trial counsel claims]." Woolbright v. Crews, 791 F.3d 628, 637 (6th Cir. 2015). If the petitioner demonstrates these first two elements, the petitioner has established cause to excuse the procedural default, and the district court must next determine whether the petitioner can establish prejudice from the alleged ineffective assistance of trial counsel. Id. If the petitioner successfully establishes cause and prejudice, the final step is for the district court to evaluate the underlying ineffective assistance of trial counsel claims on the merits. Atkins v. Holloway, 792 F.3d 654, 659–60 (6th Cir. 2015).

As part of showing a substantial claim of ineffective assistance of trial counsel, the petitioner must prove prejudice under Strickland. See McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 752 (6th Cir. 2013) ("To be successful under Trevino, [petitioner] must show a 'substantial' claim of ineffective assistance, and this requirement applies as well to the prejudice portion of the ineffective assistance claim." (internal citations omitted)). Under Strickland, a

15

petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 668, 694.

In many habeas cases seeking to overcome procedural default under Martinez, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was "substantial" enough to satisfy the "actual prejudice" prong of Coleman. If not, the reviewing court would have no need to consider whether the petitioner has established ineffective assistance of post-conviction counsel. Thorne, 2014 WL 4411680, at *23. The Supreme Court has defined this "substantial" showing as requiring a petitioner to show that the claim has some merit. Martinez, 566 U.S. at 12-13 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). The threshold inquiry at this stage "does not require full consideration of the factual or legal basis adduced in support of the claims"; rather, the court is required to engage in a preliminary, though not definite, consideration of the two-step framework mandated by Strickland. Miller–El, 537 U.S. at 336, 338.

Here, Petitioner's underlying claim is that trial counsel was ineffective for failing to obtain or retain a transcript that supports Petitioner's judicial bias claim. While it is true that, on direct appeal, the Tennessee Court of Criminal Appeals rejected Petitioner's judicial bias claim *in part* because he failed to submit the preliminary hearing transcript, the court offered two other independent bases for rejecting the claim.[7] Thus, even if trial counsel had submitted the transcript on direct appeal, it is unlikely that the appellate court would have reached a different result on

---

[7] The state appellate court also rejected Petitioner's judicial bias claim because (1) Jones waited almost two years after the bond proceedings to file his first motion to recuse, filing it the week before the scheduled trial date and (2) "neither the trial court's adverse rulings nor the filing of a federal lawsuit against the judge are sufficient grounds to disqualify the judge." Jones, 2016 WL 3621513, at **7-8. Neither of these bases are affected by the lack of the transcript.

Petitioner's judicial bias claim. Petitioner therefore cannot establish that his underlying ineffective assistance of trial counsel claim is substantial and, consequently, Petitioner cannot establish cause to excuse the procedural default of his judicial bias claim.

Petitioner also attempts to establish cause for his procedural default by asserting actual innocence. Specifically, Petitioner asserts that he is actually innocent of aggravated kidnapping because he was not "armed with a weapon" at the time of the crime. (Doc. No. 161 at 26). He alleges that the victim provided conflicting statements regarding whether Petitioner's firearm was "on his shelf in his studio" at the time he and the victim arrived (Doc. No. 161 at 51) or in Petitioner's car when he picked up the victim. (Id. citing Doc. No. 178, Attach. 8 at 59-61).

Aggravated kidnapping is defined as false imprisonment committed while the defendant is in possession of a deadly weapon or threatens use of a deadly weapon. Tenn. Code Ann. § 39–13–304(a)(5). False imprisonment is defined as knowingly removing or confining another unlawfully so as to interfere substantially with the other's liberty. Tenn. Code Ann. § 39–13–302(a). The removal or confinement of the victim must exceed that which is necessary to accomplish an accompanying felony, such as rape. State v. White, 362 S.W.3d 559, 578 (Tenn. 2012).

A claim of actual innocence is not itself a constitutional claim but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). The Supreme Court has emphasized "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id.

at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The actual innocence exception is very narrow in scope and requires proof of factual innocence, not just legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Here, Petitioner does not support his claim of actual innocence with any new evidence. On direct appeal, with respect to the aggravated rape charges, he argued that the State failed to prove that he possessed a deadly weapon or threatened to use a deadly weapon as is required by Tenn. Code Ann. § 39–13–304(a)(5) because he never pointed the gun at the victim. Jones, 2016 WL 3621513, at *6. Petitioner now argues, with respect to the aggravated kidnapping charge, that the victim provided conflicting testimony regarding at what point on the date of the crimes Petitioner had the gun with him, which shows he is actually innocent of aggravated kidnapping.

Discussing Petitioner's aggravated rape charges, the Tennessee Court of Criminal Appeals explained, "[a]s for the element of being armed with a weapon, this Court has held that this element is satisfied when a defendant has a weapon in his actual or constructive possession." Jones, 2016 WL 3621513, at *6 (citing State v. Moore, 703 S.W.2d 183, 186 (Tenn. Crim. App. 1985)). In other words, Tennessee law does not require that a defendant employ the weapon or directly threaten the victim with the weapon. The evidence showed that Defendant had the gun in his possession, showed it to the victim, placed it in her lap so that she would know it was real, and threatened to use the gun on himself several times both before and after the rapes. See id. As the appellate court found, "Defendant was clearly armed with a weapon. The evidence was crushingly sufficient to sustain each count of aggravated rape." Id.

With respect to Petitioner's aggravated kidnapping charge, on direct appeal, Petitioner argued that the victim was not confined and therefore the State had failed to prove that she was falsely imprisoned as is required under Tenn. Code. Ann. § 39-13-304(a)(5). Jones, 2016 WL 3621513, at *6. Here, however, Petitioner appears to argue that he is actually innocent of aggravated kidnapping because he did not false imprison the victim while he was in possession of a deadly weapon or by threatening the use of a deadly weapon. As the Court of Criminal Appeals explained, "Defendant was in possession of a deadly weapon while he confined the victim to the storage unit." Id. Petitioner's argument that the victim, his fourteen-year-old daughter, gave conflicting statements regarding whether Petitioner's gun was with him at the time she got into car or only after he retrieved the gun from a shelf in his storage unit does not support a showing of actual innocence of the crime of aggravated kidnapping. Petitioner does not argue that he did not possess a gun while he unlawfully confined the victim to the storage unit, substantially interfering with her liberty. Therefore, Petitioner has not met his burden and has failed to attain the actual innocence "gateway" through which to excuse his procedural default.

In summary, the preliminary hearing transcript sought by Petitioner is not part of the state court record. Petitioner has not established that the preliminary hearing occurred in the case resulting in the convictions and sentence challenged by the instant federal habeas petition. Petitioner is not entitled to an expansion of the record at this time. Neither is Petitioner entitled to discovery of the transcript. While Petitioner alleges that discovery of the transcript would support his federal habeas claim that he was denied a fair trial due to Judge Blackburn's partiality, Petitioner properly exhausted that claim in state court; therefore, any discovery with regard to that claim is not permitted here. Further, Petitioner alleges that discovery of the transcript would support his federal judicial bias claim, but that claim is procedurally defaulted, and Petitioner has

not established cause and prejudice or actual innocence to excuse the default. Therefore, Petitioner's motion seeking the preliminary hearing transcript will be denied.

**B.      Discovery of Other Items**

In addition, Petitioner seeks discovery of "the police report in case 2010-b-1532 (including the call made by his wife Angel Jones to them when she called from Iowa)", a copy of the warrants made against Petitioner, the "other" trial transcript copy that LeAnn Smith has, and a copy of the "'Judge's List' showing the Jurors City & State." (Doc. No. 186 at 10). These documents are not included in the state court record as submitted by Respondent.

First, the "other" transcript appears to refer to another copy of the Casey Moreland preliminary hearing transcript. (Doc. No. 186 at 10 citing Doc. No. 150). For the reasons set forth above, Petitioner is not entitled to discovery of this item.

Second, Petitioner confirms that he now possesses the Judge's List. (Doc. No. 190 at 2). The Court notes that the Judge's List is not part of the state court record and will not be considered by the Court in initially evaluating Petitioner's habeas claims. "[I]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Therefore, if the pleadings and state court record fail to adequately resolve Petitioner's claims, the Court will determine at that time if the record should be expanded to include the Judge's List.

Third, it is not entirely clear from Petitioner's motion why he requests the discovery of the police report and a copy of the warrants. He states that "[t]he state committed certain discovery violations against" him (Doc. No. 186 at 2) and mentions "ineffective assistance of counsel." (Id. at 10). But he does not explain how the police report or the warrants support his claims or which specific claims they support. Requested discovery must be materially related to claims raised in

the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." Williams, 380 F.3d 932, 975 (internal quotations omitted) (citing Bracy, 520 U.S. 899, 908–09). The moving party bears the burden of demonstrating the materiality of the requested information. Id. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." Id. Here, Petitioner has not met this burden. Thus, the Court denies Petitioner's discovery request.

### C.    Interrogatories and Admissions

As to Petitioner's request for Interrogatories and Admissions, under Federal Rule of Civil Procedure 33(a) and 36, a party may serve on another party up to 25 written interrogatories, which "may relate to any matter that may be inquired into" in discovery. In a habeas corpus case, a petitioner requesting leave to propound interrogatories and admissions under Rule 33 and 36 must attach the proposed requests to the motion seeking leave to conduct discovery. Habeas Rule 6(b). Petitioner requests 25 admissions. (Doc. No. 186 at 11-12).

First, requests for admission under Rule 36(a) are directed to a "party." When responding to a request for admission, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "Generally, courts are in agreement that a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." Lieber v. Wells Fargo Bank, N.A., No. 1:16-cv-2868, 2017 WL 3923128, at *3 (N.D. Ohio Sept. 7, 2017) (citations omitted). A "reasonable inquiry" in this regard includes "investigation and inquiry of any of defendant's officers, administrators, agents, employees, . . . who conceivably, but in realistic terms, may have information which may lead to or furnish the

necessary and appropriate response." Id.; see also Roden v. Floyd, No. 2:16-cv-11208, 2019 WL 1098918, at *6 (E.D. Mich. Mar. 8, 2019).

In a habeas corpus case, the proper respondent is the immediate custodian of the petitioner. See Gilbert v. Ebbert, 895 F.3d 834, 837 (6th Cir. 2018) (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)). "Where a petitioner challenges his 'present physical confinement,' that person is 'the warden of the facility where the respondent is being held.'" Id. (quoting Padilla, 542 U.S. at 435). Petitioner presently is confined at the South Central Correctional Facility, and his petition relates to his confinement under convictions from the Davidson County Criminal Court directing his present confinement.

A review of the motion reveals that the matters on which Petitioner seeks admission relate not to the circumstances surrounding his confinement by Warden Perry and corrections personnel. Instead, his requests involve matters related to his prosecution and his trial proceedings. It would appear that these matters are beyond the knowledge of Warden Perry.

No doubt recognizing this, Petitioner again requests that the State of Tennessee Attorney General be added as a respondent in this case. (Doc. No. 199 at 10). In a filing received by the Court on May 13, 2020, Petitioner argues that the Court already has permitted Petitioner to include the State of Tennessee Attorney General as a respondent to this action because the Court designated Doc. No. 161 as the governing petition and, in that petition, Petitioner names both Grady Perry and the State of Tennessee Attorney General as Respondents.[8] (Doc. No. 211 at 2-3). While it is true that the Court designated Doc. 161as the governing petition in this case, the Court previously has denied Petitioner's request to "keep" both Grady Perry and the Attorney General

---

[8] In his Supplemental/Amended petition, Petitioner states that "[t]he reason he is adding the State of Tennessee Attorney General is to avoid future custody, and to hold them accountable for their actions and non-actions." (Doc. No. 161 at 1).

of the State of Tennessee as Respondents to this action. (Doc. No. 177). That is because the Habeas Rules are clear: the proper sole respondent is the state officer who has official custody of the petitioner. (Id. at 2). Here, that state officer is Grady Perry, and Petitioner's proposed requests for admission seeks answers that are beyond the knowledge or control of Warden Perry. Petitioner's motion for leave to serve requests for interrogatories/admission under Fed. R. Civ. P. 33 and 36(a) therefore will be denied.

### III. Motions for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. Nos. 196, 215)

Petitioner has filed two motions seeking an order directing Respondent to "fully comply" with Habeas Rule 5. (Doc. Nos. 196, 215). Petitioner alleges that "Respondent violated Petitioner's due process rights in the past when they filed their initial answer (Doc. 180)." (Doc. No. 196). Petitioner further alleges:

> Per Federal Habeas Rule 5, The 'answer' must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

(Id.) In addition, Petitioner alleges that "the trial judge (Cheryl A. Blackburn), and the State/Respondent, did not FULLY COMPLY with the Courts Order (Doc. 156). She did this to hide the truth and only submitted what 'she' considered relevant. A bias judge will never consider what she has done behind closed doors as 'relevant' as it's her bias nature. Therefore she must be FORCED to comply or go to jail with fines." (Id.) Petitioner also alleges Respondent's Answer to the Supplemental/Amended Petition (Doc. No. 204) is incomplete because it does not address all of Petitioner's claims.

Pursuant to this Court's Order (Doc. No. 193), in which this Court designated the "Supplemental/Amended Petition" (Doc. No. 161) as the governing petition in this case, this Court ordered Respondent to file an amended answer. Specifically, the Court directed as follows:

> Consequently, Respondent is ORDERED to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of the date of receipt of this Order.
>
> By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. <u>See</u> Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.
>
> If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements. Respondent may submit a motion to waive filing of the complete state record if such is not necessary for resolving the issues raised by Respondent's answer.

(Doc. No. 156 at 1-3).

Respondent filed his amended answer on April 9, 2020. (Doc. No. 204). Respondent asserts that he has filed the entire state court record with this Court in full compliance with both the rules

pertaining to Federal Habeas Corpus petitions and with the orders of this Court. (Doc. No. 209 at 5).

Petitioner insists that the state court record filed Respondent is incomplete. He alleges the State willfully omitted parts of the state court record. (Doc. No. 215 at 1). The items Petitioner alleges are missing are: the preliminary hearing transcript in General Session case No. 481605 (Doc. No. 215 at 3); the bond source hearing transcript held on June 3, 2011 (id.); the June 22, 2011 bond hearing transcript (id.); the June 29, 2011 hearing transcript (id.); the July 6, 2011 hearing transcript with former counsel Jeff Goldtrap (id.); the July 13, 2011 hearing transcript with former counsel Jeff Goldtrap (id.); "Multiple Status hearings transcripts held with former counsel Elaine Heard in the trial court" (id.); the March 1, 2013 transcript "the Friday before trial when the petitioner made an oral motion to represent himself pro se" (id.); "the status hearing transcript held on June 6, 2014 for the petitioner's motion for new trial" (id.); the May 9, 2011 "hearing transcript with testimony from the petitioner's brother about him being ill" (id.); the June 3, 2011 "hearing transcript testified by counsel as to who is the petitioner's brother making his bond" (id.); the June 29, 2011 "hearing transcript where prior counsel Mr. Prichard is in court with the petitioner" (id.); "three of the motions to recuse the trial court July 3, 2013, July 9, 2013, Dec. 12, 2013 and her orders denying" (id.); and his pro se post-conviction brief (Doc. No. 215 at 2). Petitioner states that he needs these missing parts of the state court record to "verify the facts alleged in his pro se petition." (Doc. No. 215 at 3).

To the extent that any of these items refer to a transcript of the state court proceeding during which Judge Moreland allegedly called Petitioner "a piece of shit", the Court has addressed that transcript herein and does not consider any such transcript to be a missing item from the state court record.

Upon review of the state court record filed by Respondent, it appears that some of the items Petitioner claims are missing were, in fact, filed by Respondent, such as Petitioner's motion to recuse filed on July 3, 2013. (See Doc. No. 178, Attach. 2 at 4-17). However, the Court has been unable to locate each item identified by Petitioner as missing. Although Respondent is only required to file "the complete state court record relevant to this matter" (Doc. No. 156 at 1-3) (emphasis added), Respondent has not asserted that he excluded certain parts of the state court record because he deemed them irrelevant to this proceeding. And while it is unlikely that transcripts exist for all of the pre-trial matters referenced by Petitioner and that all such pre-trial matters are relevant to this matter, Respondent does not assert that no such transcripts exist or explain why certain excerpts of the transcripts, if they exist, are not included—particularly considering Petitioner's vigorous objections to the completeness of the state court record filed by Respondent. See Rule 5(c) (requiring a respondent to "attach to the answer parts of the transcript that the respondent considers relevant."); Dellinger v. Bell, No. 3:09-cv-104, 2010 WL 3431766, at *4 (E.D. Tenn. Aug. 31, 2010) (granting in part and denying in part petitioner's motions requesting to review the untranscribed portions of his state court proceedings and for the State to pay for the transcription).

Additionally, the Court notes that there appear to be some irregularities in the filing of the state court record. For example, Respondent indicates that Exhibit 19 to Docket No. 178 is an "Order Denying Petitioners Post-Conviction Relief Petition, filed August." However, the attached document is actually an order of the Tennessee Supreme Court denying Petitioner's application for permission to appeal the denial of his direct appeal.[9] (Id.) Likewise, although Respondent filed

---

[9] The Court is able to ascertain that this order denies Petitioner's application for permission to appeal the denial of his direct appeal **and not** the denial of an application for permission to appeal the denial of Petitioner's post-conviction petition because the order is stamped received by the Clerk of the Courts on September 22, 2016 (Doc. No. 178, Attach. 19 at 1), which is the date that the Tennessee Supreme Court denied petition to appeal the denial of Petitioner's

the order denying Petitioner's post-conviction relief petition on the day after the rest of the state court record (Doc. No. 179), Respondent did not file Petitioner's petition for post-conviction relief, which seems an appropriate document to include if Respondent deems the order denying the petition relevant.

Under these circumstances, Petitioner's Motions for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. Nos. 196 and 215) will be granted as follows. The Court finds that it is appropriate to require Respondent to respond more thoroughly to Petitioner's allegations that certain enumerated items are missing from the state court record filed by Respondent and that these items are relevant to this matter. In responding, Respondent shall direct the Court and Petitioner to any of the allegedly missing items that are included in Docket Nos. 178 and 179 and were simply overlooked by the Court and Petitioner; shall rename and/or refile any documents that presently are misidentified on the docket; shall address whether the missing enumerated items are (1) relevant and (2) fairly constitute a part of the record under Rule 5 of the Rules Governing Section 2254 in the United States District Courts; and, with regard to the transcripts, shall address whether the transcripts exist and, if not, whether any audio recordings of the proceedings at issue exist.

## IV. Motion to Take Notice of Judicial Facts (Doc. No. 190); Motion to Take Notice of Judicial Facts as to Claims 3 and or Doc. No. 161 (Doc. No. 195); Motion to Take Judicial Notice of Adjudicated Facts and Perjury Committed by the Respondent (Doc. No. 213)

Petitioner has filed three motions asking the Court to take notice of judicial facts. Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule, in relevant part, provides that "[t]he Court may judicially notice a fact that is not subject to reasonable dispute

---

direct appeal. <u>Jones</u>, 2016 WL 3621513, at *1. Further, there is no record that Petitioner appealed the denial of his petition for post-conviction relief.

because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

"Judicial notice 'is a limited tool,' and for it to be available, 'a high degree of indisputability is the essential prerequisite.'" Frees v. Duby, 2010 WL 4923535, at *2 (W.D. Mich. Nov. 29, 2010) (quoting Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co., No. cv 09-102, 2010 WL 1752509, at *23 (D. Ariz. Jan. 13, 2010)). "A judicially noticed fact is conclusive in a civil case." United States v. Husein, 478 F.3d 318, 337 (6th Cir. 2007). Where "there is considerable dispute over the significance of [a document's] contents," judicial notice is not appropriate. Husein, 478 F.3d at 337 (citing United States v. Bonds, 12 F.3d 540, 553 (6th Cir. 1993)).

Here, it is not altogether clear which facts Petitioner asks the Court to judicially notice. His motions contain sections entitled "Statement of Facts," "Argument," and "Allegations." Petitioner attached documents to his motions such as a Department of Correction Transportation System Receipt. As noted above, the party requesting judicial notice bears the burden of persuading the court that a particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. StarLink Logistics, Inc. v. ACC, No. 1:18-cv-00029, 2019 WL 2341403, at *3 (M.D. Tenn. June 3, 2019). Petitioner has not met this burden. His motions set forth allegations and legal argument that are clearly subject to dispute by Respondent. Significantly, "'a court cannot notice pleadings or testimony as true simply because these statements are filed with the court.'" In re Omnicare, Inc. Secs. Litig., 769 F.3d 455, 468 (6th Cir. 2014) (quoting 21B Charles Alan Wright et al., Federal Practice and Procedure § 5106.4 (2d ed. 2005)). The Court will consider all of Petitioner's

allegations and legal argument when ruling on his habeas petition, but the Court will not take judicial notice of such. Thus, Petitioner's motions for the Court to take judicial notice will be denied.

**V.      Motion to Substitute Counsel for Respondent**

Respondent requests that he be permitted to substitute Senior Assistant Attorney General Michael Stahl for Assistant Attorney General Meredith Bowen as counsel of record in this action. (Doc. No. 218). Respondent states that Ms. Bowen has transferred to another division within the Office of the Attorney General and is no longer assigned to represent Respondent. (Id. at 1). Respondent's motion will be granted.

**VI.     Conclusion**

For the reasons explained herein, the Court will deny the following motions: Petitioner's Motion for Discovery, to have Petitioner's Preliminary Hearing CD Transcribed, and a Petition for Proposed Interrogatories/Request for Admission to the Respondent (Doc. No. 186); Motion to Take Notice of Judicial Facts (Doc. No. 190); Motion to Take Notice of Judicial Facts as to Claims 3 and/or Doc. No. 161 (Doc. No. 195); Motion for Relief from a Judgment or Order, Rule 60 (Doc. No. 205); and Motion to Take Judicial Notice of Adjudicated Facts and Perjury Committed by the Respondent (Doc. No. 213). However, the following two motions filed by Petitioner will be granted: Motion for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. No. 196); and Second Motion for an Order Directing the Respondent to Fully Comply with Habeas Rule 5 (Doc. No. 215). Further, Respondent's Motion to Substitute Counsel for Respondent Grady Perry (Doc. No. 218) will be granted.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE