UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:16-cv-02631 |
| v. | ) |
| | ) |
| GRADY PERRY, Warden, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Pending before the Court are the following pro se motions filed by Petitioner: Motion for the Appointment of a Special Master (Doc. No. 221); Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 225); Motion to Take Judicial Notice of "Adjudicial" Facts (Doc. No. 228); Motion for District Judge Waverly D. Crenshaw to Recuse Himself (Doc. No. 232); Fourth Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 233); and Motion for Respondent to Comply with Federal Habeas Rule 5 (Doc. No. 238). Respondent has filed a Motion to Waive Filing of Additional State Court Records. (Doc. No. 236).

**I.     Motion to Recuse**

Petitioner has filed a motion seeking the recusal of the undersigned in the instant case under 28 U.S.C. §§ 144 and 455(a) and (b). (Doc. No. 232 at 1).

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" Huth v. Hubble, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). Title 28 U.S.C. §§ 144 and 455 lay out the recusal processes for judges where the judge

1

harbors prejudice or bias for or against a party. Here, the Court will first discuss whether the undersigned has actual or personal bias against Jones under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a). Finally, the Court will consider whether Petitioner has demonstrated a personal bias or prejudice against him or in favor of any adverse party under § 144.

### A. 28 U.S.C. § 455

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A court's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." Id. (citation and internal quotation marks omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 553 (1994). Instead, judicial rulings should be grounds for appeal, not for recusal. See id.

Section 455(b)(1) provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances. Liteky, 510 U.S. 540, 555.

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Arrowood Indem. Co. v. City of Warren, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting In re Allied–Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). That is because unnecessary recusals waste judicial resources. City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir. 1980).

### 1. 28 U.S.C. § 455(b)(1)

Jones identifies three grounds for the undersigned to recuse himself: (1) Jones is pursuing ongoing appeals of rulings issued by the undersigned; (2) Jones filed a "federal complaint" against the undersigned; and (3) the undersigned "committed perjury" in a prior Order entered in this case. (Doc. No. 232 at 2-3). Neither ground provides reason for the undersigned to recuse himself under § 455(b)(1).

First, Petitioner appears to believe that, since he appealed the undersigned's decision to deny his Motion for Release Pending Review in this action, his attempted interlocutory appeal "put[s] . . . the District Court [Mr. Waverly D. Crenshaw] and the petitioner at odds and in an adversarial position because the petitioner was compelled to file a complaint . . . ." (Doc. No. 232 at 2) (emphasis in original). However, an appeal of a district judge's decision is an appropriate and anticipated legal mechanism for seeking review of a lower court's decision by a higher court. That a litigant avails himself of the opportunity to pursue an appeal does not render biased the

3

judge whose decision is appealed. In short, Petitioner's attempted appeal of the undersigned's denial of a motion does not provide grounds for recusal under § 455(b)(1), as the undersigned harbors no personal bias or prejudice against Petitioner related to the appeal.[1]

Second, Jones alleges that he filed a "federal complaint on" the undersigned "under case No. 06-19-90047 making several allegations as to what the petitioner constituted judicial misconduct, alleging that the movant showed 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" (Doc. No. 232 at 2). Indeed, previously Jones filed a complaint of judicial misconduct against the undersigned and a fellow judge before the Judicial Council of the Sixth Circuit (No. 06-19-90047/80), alleging that the undersigned failed to correct an error in the caption of the Jones's habeas corpus action, refused to cooperate in the misconduct proceeding, and erred in rulings and retaliated against Jones. On April 9, 2020, the Honorable R. Guy Cole, Jr., Chief Judge, dismissed Jones's complaint pursuant to 28 U.S.C. § 352(b)(1)(A)(ii) & (iii) and Rule 11(c)(1)(B) & (C) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

On August 7, 2020, Jones filed a second complaint of judicial misconduct or disability against the undersigned before the Judicial Council of the Sixth Circuit (No. 06-20-90073). Jones alleges that the undersigned retaliated against Petitioner by committing perjury in the Court's Order denying Petitioner's Motion to be Released Pending Review. (Judicial Misconduct Complaint citing Doc. No. 232 at 2). This is one of the same allegations Jones makes in his motion

---

[1] Similarly, Petitioner continues to take issue with the fact that the same judge who presided over his state criminal trial is the judge who presided over his state post-conviction proceedings and, according to Petitioner, this Court has not recognized the practice as violating his rights. Contrary to Petitioner's strongly held beliefs, this routine practice does not make the judge and the litigant "adversaries," rendering the judge "presumptively biased." (Doc. No. 232 at 3). Petitioner argues that judges whose decisions are appealed are "personally attacked" and, as such, "might naturally be expected to harbor 'marked personal feelings' against the attacker." (Id.) To the contrary, the legal process allows for reviews of lower court decisions, and no reasonable judge would understand an appeal of his or her decision to be a personal attack, generating "personal animosity" toward an appealing litigant. (Id.)

seeking the recusal of the undersigned. Specifically, Petitioner argues that the Court falsely stated that no inmates housed at Petitioner's facility tested positive for COVID-19. (Id. at 2) (citing Doc. No. 216). According to Petitioner, he "has since come up with facts on his own as to the 'truth of the matter'", and those facts reveal that 57 inmates have tested positive for COVID-19 at his facility. (Doc. No. 232 at 2; No. 06-20-90073, Judicial Misconduct Complaint at 4).

Some background information is helpful here. On May 12, 2020, Petitioner filed a motion seeking to be released on bond pending the Court's decision on his habeas petition. (Doc. No. 210). Petitioner sought release on two grounds. He alleged that "he has a meritorious claim in Doc. 161 at ground six" and "extraordinary circumstance[] exist in this petition via COVID-19." (Id. at 1). On June 3, 2020, the Court denied Petitioner's motion after carefully considering Petitioner's arguments and determining that Petitioner had not established the existence of a circumstance making his motion for release pending review of his habeas petition exceptional and deserving of special treatment in the interests of justice. (Doc. No. 216 at 6). In making its decision, the Court considered Petitioner's prior conduct with respect to bond, which did not weigh in his favor. (Id. at 8). The Court noted that, while Petitioner had asserted that he is an African-American male who takes medication for high blood pressure and allergies, he had not provided any additional details regarding his physical condition and had not alleged that he had acquired COVID-19. (Id.) The Court further found that Petitioner had not demonstrated that the State of Tennessee was unwilling or incapable of protecting him from COVID-19 by taking precautionary measures at his facility, citing the most up-to-date information provided by the Tennessee Department of Correction (TDOC) regarding facility testing, testing results, and safety and sanitation protocol. (Doc. No. 216 at 7-8).

5

Case 3:16-cv-02631   Document 242   Filed 10/27/20   Page 5 of 13 PageID #: 5475

The basis for Petitioner's allegation of perjury comes from his reliance on an article from the Wayne County News dated May 19, 2020; Petitioner attached a copy to his motion for recusal and referenced the article in his second Judicial Misconduct Complaint. (Doc. No. 232, Attach. 1; No. 06-20-90073, Judicial Misconduct Complaint at 6). The article reports that "all inmates" at Petitioner's facility were tested between May 5, 2020, and May 13, 2020, and 57 inmates at Petitioner's facility had tested positive for COVID-19 as of May 15, 2020. (Id. at 1-2). As sources, the author of the article cited a CoreCivic 24-hour hotline as well as TDOC's website. (Id. at 1).

In its Order entered on June 3, 2020, the Court cited the publicly-available data posted by TDOC that, as of May 28, 2020, 1,588 inmates had been tested at Petitioner's facility, and 0 inmates had tested positive for COVID-19; 1,509 of the inmates tested negative, and 21 test results were pending. (Doc. No. 216 at 8). Thus, at the time the Court authored and issued its opinion, the data it cited—which was made available by TDOC, one of the sources cited by the author of the article provided by Petitioner—was more recent than the data cited in the article provided by Petitioner. Affording Petitioner the full benefit of the doubt, it may well have been that 57 inmates at his facility were COVID-19 positive on May 15, 2020, but, according to TDOC, no inmates were COVID-19 positive at his facility on May 28, 2020, as cited by the Court in its opinion. No false information was intentionally or inadvertently relied upon by the Court in denying Petitioner's motion. Petitioner's allegation of perjury therefore provides no relief to Petitioner under 28 U.S.C. § 455(b).

With respect to Petitioner's filing of two judicial misconduct complaints against the undersigned, even when a judge evaluating recusal is named in the proceedings at hand, "[j]udges need not indulge this pattern by automatically disqualifying themselves every time their names appear in a case caption or a complaint." Maisano v. Haynes, No. 3:14-MC-00126, 2014 WL

522588, at *1 (M.D. Tenn. Feb. 5, 2014) (quoting Nottingham v. Acting Judges of Dist. Court, No. 1:06–CV–115–DFHVSS, 2006 WL 1042761 (S.D. Ind. Mar. 24, 2006)). See also Houston v. United States, No. 3:13-CR-10, 3:17-CR-538, 2020 WL 861799, at *2 (E.D. Tenn. Feb. 20, 2020). Often, a litigant who is displeased by a judge's ruling in a former or current lawsuit sometimes seeks to "'employ[] the legal system as a tool to intimidate and heckle those he imagines have done him wrong.'" Houston, 2020 WL 861799, at *4 (quoting Davis v. Kvalheim, 261 F. App'x 231, 235 (11th Cir. 2008)); Maisano, 2014 WL 522588, at *1 (noting that such a complaint, "is, unfortunately, not rare.").

The undersigned is mindful of his obligation "not to recuse himself when there is no occasion as there is for him to do so when there is." Easley, 853 F.2d 1351, 1356. Here, Petitioner's claims of judicial misconduct lodged against the undersigned do not provide grounds for recusal under § 455(b)(1) as the undersigned has developed no personal bias or prejudice against Petitioner arising from his judicial misconduct complaints.[2] See, e.g., United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (holding that baseless personal attacks or suits against a judge by a party are not bases for recusal); United States v. Martin-Trigona, 759 F.2d 1017, 1020-21 (2d Cir. 1985) (holding that a party cannot force recusal merely by filing a complaint or a lawsuit against a judge); United States v. Wolfson, 558 F.2d 59, 62 (2d. Cir. 1977) (finding that defendant's unfounded charges of misconduct against judge did not require disqualification); Jenkins v. Kerry, 928 F. Supp.2d 122, 127 (D.D.C. 2013) (finding that plaintiff's recusal motion required dismissal for the same reasons as the dismissal of plaintiff's judicial misconduct and disability complaint); Smartt

---

[2] Although Petitioner complains that the undersigned has ruled against him on more than one occasion in the instant case, the undersigned notes that, as recently as June 23, 2020, the Court granted Petitioner's motion directing Respondent to fully comply with Habeas Rule 5 (Doc. No. 224), finding that Petitioner was correct in asserting that some of items were missing from the state court record filed by Respondent and there appeared to be some "irregularities" in the filing of the state court record. (Id. at 26-27 ).

7

Case 3:16-cv-02631   Document 242   Filed 10/27/20   Page 7 of 13 PageID #: 5477

v. United States, 267 F. Supp.2d 1173, 1177 (M.D. Fla. 2003) (stating "[i]t has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge" and finding that the law does not permit a litigant "to force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous complaints of judicial misconduct.") ; In re Winslow, 107 B.R. 752, 753 (D. Colo. 1989) (finding that a party's filing of a complaint with Judicial Counsel against a judge is not grounds for disqualifying the judge from further hearing matters involving the filing parties).

In summary, Petitioner has not met his "substantial burden" of proving that the undersigned must recuse himself under § 455(b)(1). Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." Id.

### 2. 28 U.S.C. § 455(a)

Although mindful of its duty to sit where disqualification is not required, there are circumstances where, in the Court's sound discretion, it may be appropriate for a judge to disqualify himself even when no actual partiality, bias, or prejudice exists. See Huth, 2016 WL 6610808, at *5. Looking at the grounds for recusal suggested by Jones through the lens of § 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all of the circumstances, regardless of Jones's subjective belief. Here, none of the asserted bases provide grounds for the undersigned to recuse himself under § 455(a).

In his motion for recusal, Petitioner asserts that "an appearance of bias exist[s], and an appearance of prejudice exist[s] against the petitioner." (Doc. No. 232 at 2-3). Petitioner supports this assertion with four specific allegations. First, he alleges that the Court has denied "nearly all of the petitioner's motions." (Id. at 2). As noted above, however, judicial rulings very rarely constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. 540, 553. Although the

8

undersigned may not have ruled as Petitioner would have liked at times, Petitioner has presented no evidence that the undersigned's rulings were based on a bias toward him or a favoritism toward Respondent or any third party. See Hobson v. Mattis, No. 17-6192, 2018 WL 3241369, at *2 (6th Cir. May 23, 2018) (denying Hobson's motion for recusal based on the judge's rulings against him in the case and the "hostile manner" and "tone of voice" the judge used when addressing Hobson's evidentiary matters).

Second, Petitioner alleges that the Court failed to act after Petitioner "sent in a sworn affidavit for which he sought to have an arrest made against the Respondent for lying." (Doc. No. 232 at 3). As the Court has explained previously, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Petitioner.

Third, Petitioner alleges that the Court directed the Clerk "not to destroy the physical file in this case until the matter has been resolved on the merits or otherwise dismissed with prejudice," which shows that the Court was trying to "'Hide the Truth' for monetary gain." (Doc. No. 232 at 3). The language to which Petitioner refers appeared in the Court's Order of February 2, 2018, wherein the Court stayed this action pending the exhaustion of Petitioner's state court remedies. (Doc. No. 80). Similar language is often included in orders when a case is stayed to prevent the

9

inadvertent destruction of physical files pursuant to Local Rules.[3] All case files are maintained, nevertheless, digitally on the Court's CM/ECF system for posterity. Petitioner's assertion that a routine practice meant to protect him somehow reflects a nefarious intent on the part of the undersigned is unsupported.

Finally, Petitioner asserts that the undersigned "was throwing a 'hint' to the Respondent to withhold portions of the record" in the Memorandum Opinion of the Court entered on June 23, 2020. (Doc. No. 232 at 5). The language to which Petitioner refers is:

> And while it is unlikely that transcripts exist for all of the pre-trial matters referenced by Petitioner and that all such pre-trial matters are relevant to this matter, Respondent does not assert that no such transcripts exist or explain why certain excerpts of the transcripts, if they exist, are not included—particularly considering Petitioner's vigorous objections to the completeness of the state court record filed by Respondent.

(Doc. No. 223 at 26). This language appeared in the Court's consideration of Petitioner's allegation that the initial state court record filed by Respondent was incomplete. After reviewing Petitioner's assertions carefully, the Court determined that, in fact, some of the items noted by Petitioner appeared to be absent or misidentified. Consequently, the Court ordered Respondent to respond more thoroughly to Petitioner's allegations that certain enumerated items were missing from the state court record filed by Respondent. (Id. at 27). To the contrary, then, the Court held Respondent accountable for submitting a complete, relevant record under Rule 5 of the Rules Governing Section 2254 in the United States Courts. In summary, none of the reasons advanced by Petitioner would cause an objective, reasonable person to question the undersigned impartiality in the present matter.

---

[3] Local Rule 83.07 states: "Unless prohibited by order of the Court, all documents filed manually in a case, either as paper documents or on data storage devices, may be destroyed by the Clerk, without notice, any time after thirty (30) days following final determination, including appeals."

10

### 3. 18 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, recusal is mandatory if a "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Recusal under 28 U.S.C. § 144 is only required when the affidavit is found to be both timely and legally sufficient by a district court judge. See Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1355 (1988). Here, even assuming Petitioner's affidavit (Doc. No. 232 at 9) is timely, it is not legally sufficient, as discussed below.

Affidavits of bias are strictly construed against the party seeking the judge's disqualification. See United States v. Gordon, No. 11-20752, 2013 WL 673707, at *2 (E.D. Mich. Feb. 25, 2013) (citation omitted). "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal as opposed to judicial in nature." Id. (quoting Henderson v. Dep't of Pub. Safety and Corr., 901 F.2d 1288, 1296 (6th Cir. 1990)) (citation omitted).

Petitioner alleges that the undersigned "is actively (meaning right now, - a saving clause for § 144 motion) engaged in a conspiracy to violate his rights in violation of title 18 U.S.C. § 241 (Conspiracy against rights) and § 242 (Deprivation of rights under color of law." (Doc. No. 232 at 5). In support of this allegation, Petitioner relies on the same accusations he made under § 455(a) and (b). Again he points to the language in the Court's Memorandum Opinion entered on June 23, 2020 (Doc. No. 223 at 26), asking the undersigned, "Why would you say such a thing? You CONSPIRED AGAINST ME." (Doc. No. 232 at 5). The Court already has addressed Petitioner's concern with this language.

11

Next, Petitioner alleges that the Court's citation of "0 inmates" testing positive for COVID-19 at his facility is inaccurate and reflects "retaliation" by the undersigned against Petitioner "for filing a complaint on him in the past this court under case No. 06-19-90047." (Id. at 6). According to Petitioner, the undersigned "well knows that '57' or more inmates tested positive at my facility at that time, but said '0' tested positive to frustrate, impede me, and weaken the merits of my 'Motion To Be Released Pending Review.'" (Id.) The Court already has addressed Petitioner's allegations that he has filed judicial misconduct complaints against the undersigned as well as that the undersigned "committed perjury" by citing the publicly-available data posted by TDOC that, as of May 28, 2020, 1,588 inmates had been tested at Petitioner's facility, and 0 inmates had tested positive for COVID-19. (Doc. No. 216 at 8). These allegations provide no basis for relief under § 144.

Finally, Petitioner points to the Court's previous denial of motions in this case as proof of bias. ("Here then, the district court REFUSED to give the petitioner counsel . . . and DENIED his Motion to Keep the State of Tennessee Attorney General and Warden Grady Perry 'Both' as Respondent's [sic] and DENYING the petitioner's restitution 'pending the outcome' . . . of his case . . . . You also DENIED me my preliminary hearing transcripts . . . ." (Doc. No. 232 at 8) (emphasis in original). The Supreme Court has instructed that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky, 510 U.S. 540, 553. Rather, the challenged judicial rulings are proper grounds for appeal, not for recusal." Id. Petitioner fails to show how the undersigned's referenced rulings reveal "a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Petitioner's affidavit does not satisfy his burden under § 144.

12

For the foregoing reasons, Jones's motion (Doc. No. 232) seeking the undersigned's recusal will be denied.

## II.     Petitioner's Remaining Motions

Petitioner filed a Notice of Appeal (Doc. No. 219) of the Court's Order of June 3, 2020 (Doc. No. 216), in which the Court denied Petitioner's Motion (Doc. No. 210) to be Released Pending Review of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. By Order entered on July 8, 2020, the Court noted that the Court's Order of June 3, 2020 was not a final order in this case and Petitioner had not filed a motion for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. No. 226). The Court declined to certify the matter for interlocutory appeal, denied Petitioner's motion for leave to appeal in forma pauperis, and denied a Certificate of Appealability (COA), to the extent a COA is required for the interlocutory appeal. (Id.) Further, the Court noted that, because a district court loses jurisdiction over an action once a party files a Notice of Appeal, the Court lacked jurisdiction to consider Petitioner's other motions, two of which remain pending. (Id. at 4-5).

On October 21, 2020, the Court received notice that the Sixth Circuit Court of Appeals has granted Petitioner's motion to voluntarily dismiss his interlocutory appeal. (Doc. No. 240). Consequently, the Court will consider Petitioner's remaining pending motions, by separate Order, in due time.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE