UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CEDRIC JONES, | ) |
|---|---|
| Petitioner, | ) |
| | ) No. 3:16-cv-02631 |
| v. | ) |
| GRADY PERRY, Warden, | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

Pending before the Court are the following pro se motions filed by Petitioner: Motion for the Appointment of a Special Master (Doc. No. 221); Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 225); Motion to Take Judicial Notice of "Adjudicial" Facts (Doc. No. 228); Fourth Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 233); Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238); Motion to Take Judicial Notice of Facts Concerning Judge Cheryl Blackburn (Doc. No. 241); Motion for Court Clerk or Whoever the Initials "kc" is to Rename Doc. No. 238 As I Named in and Titled It in that Motion (Doc. No. 244); and Motion to Dismiss the Following Documents Filed by Petitioner (Doc. No. 245). Respondent has filed a Motion to Waive Filing of Additional State Records (Doc. No. 236).

**I.    Motion to Dismiss Three Pending Motions (Doc. No. 245)**

In his most recently filed motion (Doc. No. 245), Petitioner asks the Court to dismiss three of his previously-filed motions as moot: Motion for the Appointment of a Special Master (Doc. No. 221); Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 225); and Motion to Take Judicial Notice of "Adjudicial" Facts (Doc. No. 228).

1

Petitioner states that these motions have been rendered moot due to previous actions by the Court or by Respondent. Petitioner's motion will be granted, and the three identified motions will be denied as moot at the request of Petitioner.

## II.     Motions for an Order Directing Respondent to Fully Comply with Rule 5

Petitioner has filed a Fourth Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 233), to which Respondent has responded in opposition (Doc. No. 235), and another Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238).

In his Fourth Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5, Petitioner alleges that the following materials are missing from the state court record filed by Respondent:

> (1)"The preliminary hearing transcript in General Session case No. 481605" as shown by argument above that it exist; and (2) "the May 9, 2011 hearing transcript with testimony from the petitioner's brother about him being ill." (3) the TRANSCRIPT on June 5th, 2019 hearing of the petitioner's post-conviction (4) a copy of the post-conviction's court November status hearing copy as shown within Doc. 148 FILED on December 4th, 2018, (5) the petitioner's Motion To Reduce, Vacate or Set Aside Sentence Imposed, he filed the court of criminal appeals on 8/11/2016 representing himself pro se (6) the copy of petitioner's Motion To Take Judicial Notice of Adjudicative Facts he filed to the court of criminal appeals under case No. M02015-00720-SC-RI I-CD on August, 27, 2015 and representing himself pro se, and (7) All motions including the Motion To Take Judicial Notice of Facts Regarding Kristen Menke to the court of criminal appeals while the petitioner was representing himself prose.

(Doc. No. 233 at PageID 5384).

The first document Petitioner alleges that Respondent did not include as part of the state court record is the preliminary hearing transcript in General Session case No. 481605. The Court has discussed this transcript at length previously. In the Court's Memorandum Opinion of June 23, 2020, the Court summarized its detailed findings as follows:

2

> In summary, the preliminary hearing transcript sought by Petitioner is not part of the state court record. Petitioner has not established that the preliminary hearing occurred in the case resulting in the convictions and sentence challenged by the instant federal habeas petition. Petitioner is not entitled to an expansion of the record at this time. Neither is Petitioner entitled to discovery of the transcript. While Petitioner alleges that discovery of the transcript would support his federal habeas claim that he was denied a fair trial due to Judge Blackburn's partiality, Petitioner properly exhausted that claim in state court; therefore, any discovery with regard to that claim is not permitted here. Further, Petitioner alleges that discovery of the transcript would support his federal judicial bias claim, but that claim is procedurally defaulted, and Petitioner has not established cause and prejudice or actual innocence to excuse the default. Therefore, Petitioner's motion seeking the preliminary hearing transcript will be denied.

(Doc. No. 223 at PageID 4243-45).

Nevertheless, Petitioner continues to assert that the transcript he seeks exists within the state court record. As support for his assertion, he points to defense counsel questioning Kayla Jones during Petitioner's trial with a document purporting to be Petitioner's preliminary hearing transcript. (See Doc. No. 178, Attach. 8 at PageID 2986-89). Petitioner is correct that, during his trial, (1) defense counsel claimed to show Ms. Jones a portion of her transcribed testimony given during Petitioner's preliminary hearing and (2) the prosecution stated on the record that it had never seen the transcript before that day. (Id. at PageID 2989). According to Petitioner, this is "proof by a preponderance of the evidence" that his "trial attorneys had a copy of the petitioner's preliminary hearing transcript in his possession at the time of the petitioner's criminal trial." (Doc. No. 233 at PageID 5383). However, the document in question was never introduced by the prosecution or the defense as an exhibit during Petitioner's trial, was never authenticated as a true and accurate transcription of Petitioner's preliminary hearing, and therefore was never made part of the record. (Id.) Petitioner has offered no evidence to the contrary.

Petitioner further insists that the preliminary hearing transcript is part of the state court record because "there was an indication a transcript of his preliminary hearing was requested and

3

prepared prior to trial 'unlike' the post-conviction court (Cheryl A. Blackburn) stated." (Doc. No. 233 at PageID 5382). This "indication," according to Petitioner, is trial counsel's request for discovery during Petitioner's state criminal case and prosecutor Kristen Menke's statement that the State would furnish all exculpatory material "if and when any such item or information becomes known to the State" to the defense. (Id.) Petitioner's argument misses the mark. Trial counsel's request for discovery, alone, would not have generated the transcription of Petitioner's preliminary hearing. Neither would the State's obligations under Brady v. Maryland, 373 U.S. 83 (1963).

To the extent there ever was a transcription of the preliminary hearing at issue, Petitioner's trial counsel appears to have been the best person from whom to seek the transcript. He testified during Petitioner's post-conviction hearing that he believed at one point he had given Petitioner's case file to him; thus, all materials relevant to Petitioner's case, including the preliminary hearing transcript, if it existed, would have been in the box he provided to Petitioner, though counsel could not be sure he ever ordered the transcript. (Doc. No. 179, Attach. 1 at PageID 3662). The post-conviction court concluded that, as of that time, no transcript of the preliminary hearing had been prepared and there was not a transcript to provide to Petitioner. (Id.) Moreover, in previous status hearings and in written orders filed on October 12, 2018, December 4, 2018, and January 18, 2019, the post-conviction court had determined that there was "no indication in the record" that a transcription of the preliminary hearing was requested prior to trial; the post-conviction court explained that "the General Sessions Court is not a court of record and transcripts are not routinely prepared for preliminary hearings . . . ." (Doc. No. 179, Attach. 1 at PageID 3634). Ms. Smith advised the post-conviction court in 2019 that she had been unable to locate a preliminary hearing transcript. (Id.) When, on January 13, 2020, Petitioner received four boxes "off the chain bus"

4

containing his legal files from post-conviction attorney LeAnn Smith, the preliminary hearing transcript was not included. (Doc. No. 223 at PageID 4229). There is simply no evidence before the Court supporting Petitioner's assertion that the preliminary hearing transcript exists, or that an audio recording of the hearing from which a transcript could be produced exists.

Next, Petitioner requests copies of "the May 9, 2011 hearing transcript with testimony from the petitioner's brother about him being ill" and "the TRANSCRIPT on June 5, 2019 hearing of the petitioner's post-conviction." (Doc. No. 233 at PageID 5384). Rule 5(c) of the Rules Governing Habeas Cases provides that the answer must "indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." The Rule further provides that the respondent "must attach to the answer parts of the transcript that the respondent considers relevant," and a judge "may order that the respondent furnish other parts of existing transcripts of that parts of untranscribed transcripts be transcribed and furnished." Id.

Respondent has stated that "[t]he state court record does not appear to contain transcribed copies of the above hearings and no audio records exist within the state court record." (See Doc. No. 230 at PageID 4521). The transcripts sought by Petitioner appear to be unavailable. Nevertheless, while Petitioner insists these transcripts "MUST be included as per habeas rule 5," (Doc. No. 233 at PageID 5380), he fails to explain why the above documents are relevant under Rule 5 of the Rules Governing Section 2254 in the United States District Courts.

Petitioner also asks Respondent to include as part of the state court record numerous pro se filings by Petitioner in state court, including "the petitioner's Motion To Reduce, Vacate or Set Aside Sentence Imposed, he filed the court of criminal appeals on On [sic] 8/11/2016 representing himself pro se." (Doc. No. 233 at PageID 5384). Rule 5(d)(1) only requires the respondent to file,

5

along with the answer, a copy of "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding[.]" According to Respondent, "it is impossible for Respondent to determine whether the state court record contains 'all motions' Petitioner has attempted to file pro se during his state proceedings given Petitioner's extensive history of litigiousness and his repeated filing of pro se documents while represented, as well as the state court's directions not to accept further filings from Petitioner after certain matters had been adjudicated." (Doc. No. 235 at PageID 5402).

Petitioner contends that the materials are needed to demonstrate that he was not required to exhaust some of his federal habeas claims "because 'there is/was an absence of available State corrective process' or certain circumstances 'render such process ineffective to protect the [petitioner's] rights." (Doc. No. 225 at PageID 4257). The specific filings Petitioner seeks are:

> On 8/11/2016, the petitioner, while representing himself pro se, on direct appeal under case No. No. M2015-00720-SC-RI I -CD, filed a Motion To Reduce, Vacate or Set Aside Sentence Imposed in the court of criminal appeals raising SEVERAL constitutional violations, a '30-page' Statement of The Issues Presented For Review, A Statement of Facts and Summary Of Argument;
>
> [s]everal filings that he made pro se while representing himself on direct appeal and his application for permission to appeal (rule 11) after his former counsel Elaine Heard withdrew; [and]
>
> motions to recuse the trial court from his post-conviction proceedings [and, as the Court understands, motions filed to appeal the denial of those motion].[1]

(Id.)[2] The Court finds that Petitioner has demonstrated that these materials could be relevant to the disposition of claims raised in his federal habeas petition. Therefore, Respondent will be

---

[1] Petitioner indicates that he provided the dates of these motions in Docket No. 207.

[2] Petitioner also references "any motions he filed (e.g. Motion to Dismiss State Fines, Motion to be released pending review," but the Court finds that these motions would not be relevant to the Court's determination of whether Petitioner exhausted prior to filing his federal habeas petition. (Doc. No. 225 at PageID 4259). As such, Petitioner's motion will be denied as to these motions.

ordered to make a good faith attempt to locate these filings and, if any or all are located, submit them to the Court as part of the state court record. However, the Court acknowledges that these filings, particularly if they were filed after the state court ruled that no further pro se filings could be accepted by Petitioner, may not be discoverable. In other words, Petitioner may in fact have mailed these documents to the state court, but the court may have rejected the documents for filing. In such case, Respondent will be unable to locate the documents, as they would not have been filed and made part of the state court record.

Petitioner also seeks "a copy of the post-conviction court's November status hearing copy as shown within Doc. 148 FILED on December 4, 2018." (Doc. No. 233 at PageID 5384). Respondent previously filed an identical copy of the post-conviction court's order denying Petitioner post-conviction relief as part of his supplemental index filed on August 6, 2020. (Doc. No. 230, Attach. 4 at PageID 4880-4877). As such, this request appears to be moot.

In his fifth Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238), Petitioner again seeks the preliminary hearing transcript that the Court addressed above and by prior Order. (Id. at PageID 5423-5426). In that respect, Petitioner's motion will be denied.

Next, Petitioner asks for Respondent to include in the state court record the transcripts of the bifurcated post-conviction evidentiary hearing held on April 16, 2019 and June 5, 2019. (Doc. No. 238 at PageID 5427). It does appear that, by order entered on August 1, 2019, Judge Blackburn directed the court reporter to prepare a transcript of the hearing on those dates and mail Petitioner "a copy [of] the post-conviction hearing transcript . . . once the court reporter has prepared and filed the transcript with the Clerk's Office." (Doc. No. 230, Attach. 4 at PageID 4926). However, it is unknown whether any such transcript was ever prepared and filed. Petitioner asserts that he never received the transcript. (Doc. No. 238 at PageID 5427). If a transcript exists of Petitioner's

7

post-conviction evidentiary hearing, the transcript would be relevant to the Court's disposition of Petitioner's federal habeas petition. Accordingly, Respondent will be ordered to make a good faith attempt to determine if this transcript exists and, if so, submit the transcript to the Court as part of the state court record.

Finally, while Petitioner may, at times, be frustrated with the legal process, Petitioner is admonished to maintain proper decorum when addressing the Court and referring to Respondent's counsel. (See Doc. No. 238).

In summary, Petitioner's Fourth (Doc. No. 233) and fifth (Doc. No. 238) Motion for Respondent to Fully Comply with Federal Habeas Rule 5 will be denied in part and granted in part.

### III. Motion to Waive the Filings of Additional State Court Records

Respondent has filed a Motion to Waive the filing of additional state court records in this case, alleging that he has filed the complete state court record provided to Respondent by the Tennessee Court of Criminal Appeals as well as the Criminal Court for Davidson County, Tennessee. (Doc. No. 236).

Respondent's motion will be denied in part and granted in part. Respondent's motion will be denied insofar as Respondent must comply with the instructions set forth by the Court with regard to Petitioner's Motions to Direct Respondent to Fully Comply with Federal Habeas Rule 5. (Doc. Nos. 233 and 238). Conversely, Respondent's motion will be granted insofar as Respondent will not be required to respond to any further requests by Petitioner regarding items allegedly missing from the state court record. Respondent may, however, be ordered to provide or attempt to locate additional materials upon order of the Court, if the Court determines such materials are necessary and relevant to the resolution of the Petitioner's federal habeas corpus petition.

**IV.     Motion to Take Judicial Notice of Facts Concerning Judge Cheryl Blackburn**

Petitioner next filed a Motion to Take Judicial Notice of Facts Concerning Judge Cheryl Blackburn. (Doc. No. 241). Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule, in relevant part, provides that "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1)  is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

In his motion, Petitioner quotes statements allegedly made by Judge Blackburn during Petitioner's state court proceedings, and Petitioner argues that these statements demonstrate Judge Blackburn's bias against him. With the possible exception of one,[3] each statement quoted by Petitioner in his motion already is part of the record before this Court. Therefore, it is not necessary for the Court to take judicial notice of these statements. However, Petitioner's commentary regarding Judge Blackburn's statements does not constitute  adjudicative facts of which this Court can take judicial notice. "'[A] court cannot notice pleadings or testimony as true simply because these statements are filed with the court.'" In re Omnicare, Inc. Secs. Litig., 769 F.3d 455, 468 (6th Cir. 2014) (quoting 21B Charles Alan Wright et al., Federal Practice and Procedure § 5106.4 (2d ed. 2005)). The Court will consider all of Petitioner's allegations and legal argument when ruling on his habeas petition, but the Court will not take judicial notice of such. Petitioner's motion for the Court to take judicial notice (Doc. No. 241) will be denied.

---

[3] Petitioner quotes Judge Blackburn as saying, "The State is not required to provide a defendant with either a recording or written transcript of the preliminary hearing. Should Petitioner identify and other evidence that falls under Brady material, Petitioner may pursue this claim as part of a post-conviction proceeding." (Doc. No. 241 at PageID 5461). Petitioner does not provide a citation to the state court record or to any record for this quotation. As such, the Court is unable to determine whether the statement is a part of the record of the state court proceedings currently before the Court.

## V. Motion to Rename Document

Plaintiff has filed a "Motion for Court Clerk or Whoever the Initials 'kc' is to Rename Doc. No. 238 As I Named in and Titled It in that Motion." (Doc. No. 244). Specifically, Petitioner takes issue with the case administrator who docketed Petitioner's fifth Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238) having omitted the word "Fifth" from the title of Petitioner's motion. (Id. at PageID 5485).

Although the omission of the word "Fifth" in this instance does not prejudice Petitioner in any way, the Court acknowledges that Petitioner did, in fact, title his motion as "Fifth Motion for Respondent to Fully Comply with Federal Habeas Rule 5." And as Petitioner asserts, he did so in an attempt to distinguish his motion from previous motions and to emphasize his repeated attempts to obtain the relief he seeks. (Id.) Consequently, Petitioner's motion (Doc. No. 244) will be granted, and the Clerk will be directed to rename Doc. No. 238 as follows: Fifth Motion for Respondent to Fully Comply with Federal Habeas Rule 5.

Petitioner is advised, however, that the Clerk of Court ultimately determines how pleadings and motions will be docketed on the Court's CM/ECF system and, at times, submissions by pro se parties will be renamed if doing so accurately reflects the pro se litigant's intentions without causing any prejudiced to the pro se litigant.

## VI. Conclusion

For the reasons explained herein, Petitioner's Motion to Dismiss the Following Documents Filed by Petitioner (Doc. No. 245) will be granted. As such, Petitioner's Motion for the Appointment of a Special Master (Doc. No. 221), Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 225), and Motion to Take Judicial Notice of "Adjudicial" Facts (Doc. No. 228) will be denied as moot.

10

Petitioner's Fourth Motion for an Order Directing Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 233) and Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238) will be granted in part and denied in part.

Likewise, Respondent's Motion to Waive Filing of Additional State Records (Doc. No. 236) will be granted in part and denied in part.

Petitioner's Motion to Take Judicial Notice of Facts Concerning Judge Cheryl Blackburn (Doc. No. 241) will be denied.

Petitioner's Motion for Court Clerk or Whoever the Initials "kc" is to Rename Doc. No. 238 As I Named in and Titled It in that Motion (Doc. No. 244) will be granted.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE