# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CEDRIC JONES,** | ) |
| **Petitioner,** | ) |
| | ) No. 3:16-cv-02631 |
| v. | ) |
| **GRADY PERRY, Warden,** | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Petitioner's Application for Leave to Proceed In Forma Pauperis on appeal (Doc. No. 276) and Motion to Take Judicial Notice of Perjury (Doc. No. 281).

### I. Application for Leave to Proceed In Forma Pauperis on appeal

Petitioner's Application for Leave to Proceed In Forma Pauperis on appeal (Doc. No. 276) is duplicative of the Application (Doc. No. 273) he filed previously. Further, by Order entered on June 14, 2021, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal, finding no basis for appellate jurisdiction. (Doc. No. 280). For these reasons, Petitioner's Application will be denied as moot.

### II. Motion to Take Judicial Notice of Perjury

Next, in his Motion to Take Judicial Notice of Perjury (Doc. No. 281), Petitioner urges the Court to take judicial notice of the "adjudicative fact" that Respondent "committed perjury" when, through counsel, he represented that no transcript of Petitioner's state post-conviction hearings were prepared. (Id. at PageID 5916-17 citing Doc. No. 270 at Page ID 5707).

In his fifth Motion for Respondent to Fully Comply with Federal Habeas Rule 5 (Doc. No. 238), Petitioner asked that Respondent include in the state court record the transcripts of the

1

bifurcated post-conviction evidentiary hearing held on April 16, 2019 and June 5, 2019. (Doc. No. 238 at PageID 5427). As the Court noted, it appears that, by order entered on August 1, 2019, Judge Cheryl Blackburn directed the court reporter to prepare a transcript of the hearing on those dates and mail Petitioner "a copy [of] the post-conviction hearing transcript . . . once the court reporter has prepared and filed the transcript with the Clerk's Office." (Doc. No. 247 at PageID 5513 citing Doc. No. 230, Attach. 4 at PageID 4926). However, it was unknown whether any such transcript was ever prepared and filed, and Petitioner asserted that he never received the transcript. (Id. citing Doc. No. 238 at PageID 5427). Finding that, if a transcript exists of Petitioner's post-conviction evidentiary hearing, the transcript would be relevant to the Court's disposition of Petitioner's federal habeas petition, the Court ordered Respondent to make a good faith attempt to determine if this transcript exists and, if so, submit the transcript to the Court as part of the state court record. (Doc. No. 248).

In response to the Court's Order, Respondent submitted a disc containing video evidence of Petitioner's bifurcated post-conviction evidentiary proceedings in state court. (Doc. No. 270 at PageID 5707). Respondent has confirmed with both the state post-conviction court clerk and the sub-reporter who was assigned to cover Petitioner's post-conviction evidentiary hearings on April 16, 2019, and June 5, 2019 that no transcript of the proceedings was prepared because Petitioner did not appeal the post-conviction court's denial of his petition in accordance with the state court's usual practices and procedures. (Id.) Further, Respondent re-examined all records associated with Petitioner's case that are contained within the state archives and was unable to locate any transcript of Petitioner's post-conviction evidentiary proceedings. (Id.) However, the clerk of the post-conviction court was able to create a video disc of those proceedings for the use and benefit of the Court for this case. (Id.) The Court is in receipt of that disc.

Petitioner, however, maintains that Respondent's response is a "lie" because "the evidence is clearly shown that Petitioner's post-conviction proceedings are being transcribed 'live' as he and others speak." (Doc. No. 281 at PageID 5918). Petitioner points to a particular moment in the video where he states that it is "visibly clear that the Court Clerk is transcribing the Petitioner's entire post-conviction proceeding as he speaks." (Id. citing Doc. No. 270, Ex. 3 at 10:32:51).

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule, in relevant part, provides that "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

The "fact" which Petitioner asks the Court to judicially notice—Respondent's alleged "perjury"—does not qualify as an adjudicative fact under Rule 201. However, the Court can see the source of Petitioner's confusion. In the portion of the video referenced by Petitioner, one can observe the court reporter at work. However, as the Court understands the court reporting process, the court reporter at that time is not preparing an official transcript of the proceedings; rather, he or she is capturing the words spoken by everyone during the proceeding using special transcription techniques. A court reporter must take additional steps to prepare official verbatim transcripts to be used by attorneys, judges, and litigants. According to the state post-conviction court clerk and the sub-reporter who was assigned to cover Petitioner's post-conviction evidentiary hearings on April 16, 2019, and June 5, 2019, no transcript of those proceedings was prepared because Petitioner did not appeal the post-conviction court's denial of his petition in accordance with the state court's usual practices and procedures. (Doc. No. 270 at PageID 5707). Based on all

information presented to this Court, it appears that no transcript of Petitioner's post-conviction evidentiary hearings exists. Petitioner's Motion (Doc. No. 281) will be denied.

The Court notes that, thanks to the efforts of the clerk of the post-conviction court, the Court now has access to a video disc of those proceedings for use as the Court evaluates Petitioner's claims.

### III. Request for a Special Prosecutor

In his Motion (Doc. No. 281), Petitioner also requests a special prosecutor "to be appointed to him by this court to seek an indictment against Cheryl Blackburn et al for willfully violating his rights afford to him under the U.S. Constitution of the United States and Tennessee's Constitution immediately." (Id. at PageID 5924)

To the extent that Petitioner asks the Court to initiate criminal charges against any individual on his behalf, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). "While a citizen may make a complaint regarding suspected criminal conduct to the proper authorities, the choice to bring criminal charges pursuant to Tennessee law is left to the discretion of the appropriate District Attorney General." Sanford v. Armour, No. 19-1270-JDT-cgc, 2020 WL 4369452, at *10 (July 30, 2020). This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Petitioner.

**IV.     Decorum**

Finally, while Petitioner may, at times, be frustrated with the legal process, Petitioner <u>again</u> is admonished to maintain proper decorum when addressing the Court. (<u>See e.g.</u>, Doc. No. 281 at PageID 5918-19, 5923).

**V.     Conclusion**

Accordingly, Petitioner's Application for Leave to Proceed In Forma Pauperis on appeal (Doc. No. 276) is **DENIED AS MOOT**.

Petitioner's Motion to Take Judicial Notice of Perjury, including his request for the appointment of a special prosecutor, (Doc. No. 281) is **DENIED**.

Petitioner's petition for writ of habeas corpus is now ripe for review. No further filings are needed by either party at this time.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE