UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Petitioner, | ) |
| | ) No. 3:16-cv-02631 |
| v. | ) |
| GRADY PERRY, Warden, | ) |
| Respondent. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court are the following pro se Motions filed and titled by Petitioner: Motion to Quash the Indictment and Void the Petitioner's Conviction (Doc. No. 288); Motion to Take Judicial Notice of Adjudicative Facts (Doc. No. 289); Motion to Consider These Procedural Defenses Concerning Trial Counsel Jack Byrd Pursuant to 28 U.S.C. § 2254(b)(1)(B) (Doc. No. 290); Motion for Discovery for complaint Number 2010-0220858 and or Case No. GS481605 (Doc. No. 291); Motion to Take Judicial Notice Concerning a Discrepancy on the Face of Petitioner's Indictment (Doc. No. 294); Motion to Consider These Exhaustion Defenses (Doc. No. 296); Motion to Take Judicial Notice of the Attached Exhibits and that the Petitioner's Motion for Discovery (Doc. 291) is Applicable to this Case (Doc. No. 297); Motion to Take Judicial Notice of the Initial Phone Call to the Police Made by Petitioner's Wife (Doc. No. 315); and Motion to Rename Docket re: 315 Motion (Doc. No. 321). The Court also recently received Petitioner's Notice of Filing (Doc. No. 323) in which he updates his address due to a facility transfer.

**I.      Motion to Quash the Indictment and Void the Petitioner's Conviction (Doc. No. 288)**

Petitioner moves to quash the indictment and void his conviction in Davidson County Criminal Court Case No. 2010-B-1532. (Doc. No. 288).

Petitioner's request to quash his indictment fails for at least two reasons. First, Petitioner cannot move now to quash a state court indictment that already has resulted in Petitioner's conviction. After his conviction, the appropriate time for Petitioner to raise the validity of his indictment was on direct appeal and in other available state proceedings, see Carman v. Pinkney, No. 1:19 CV 2101, 2020 WL 224572, at *4 (N.D. Ohio Jan. 15, 2020), and Petitioner did so. In this action, Petitioner could have asserted a claim of ineffective of assistance of counsel based on trial counsel's failure to quash the indictment, but it does not appear that Petitioner asserts such a claim.

Second, even if Petitioner had not already been convicted in state court when he filed his motion to quash the indictment in federal court, a defect in the indictment typically does not rise to the level of extraordinary circumstances required to trigger an exception to Younger abstention. Id. (citing Martin v. Sheldon, No. 1:17 CV 120, 2017 WL 1969464, at *3 (N.D. Ohio May 10, 2017) (denying § 2241 petition and declining to interfere with pending state criminal proceeding where petitioner challenged the validity of the indictment, among other claims); Jenkins v. Kentucky, No. CIV.A. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (denying § 2241 petition and declining to interfere in pending state criminal proceeding where petitioner argued that the state charges are void because the indictment was returned without a grand jury being in session); Simpson v. Jones, No. 11-CV-422-JBC-CJS, 2012 WL 3912755, at *3 (E.D. Ky. July 16, 2012) (recommending dismissal of § 2241 petition where petitioner argued that pending state criminal proceeding is illegal and petitioner seeks to quash the indictment), report and recommendation adopted, No. CIV.A. 11-422-JBC, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)). Accordingly, Petitioner's Motion to Quash the Indictment (Doc. No. 288) is **DENIED**.

To the extent Petitioner's Motion seeks to void his conviction, the Motion mirrors Claim 13 raised by Petitioner in the instant federal habeas petition. (See Doc. No. 161 at PageID# 2210). Respondent contends that this claim is procedurally defaulted and barred from review. (See Doc. No. 204 at 34-35). The resolution of this issue requires a full merits review of Petitioner's case, which the Court will undertake in due time.

**II.     Motion to Take Judicial Notice of Adjudicative Facts (Doc. No. 289); Motion to Take Judicial Notice Concerning a Discrepancy on the Face of Petitioner's Indictment (Doc. No. 294); Motion to Take Judicial Notice of the Initial Phone Call to the Police Made by Petitioner's Wife (Doc. No. 315)**

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule, in relevant part, provides that "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) .

"Judicial notice 'is a limited tool,' and for it to be available, 'a high degree of indisputability is the essential prerequisite.'" Frees v. Duby, 2010 WL 4923535, at *2 (W.D. Mich. Nov. 29, 2010) (quoting Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co., No. cv 09-102, 2010 WL 1752509, at *23 (D. Ariz. Jan. 13, 2010)). "A judicially noticed fact is conclusive in a civil case." United States v. Husein, 478 F.3d 318, 337 (6th Cir. 2007). Where "there is considerable dispute over the significance of [a document's] contents," judicial notice is not appropriate. Husein, 478 F.3d at 337 (citing United States v. Bonds, 12 F.3d 540, 553 (6th Cir. 1993)). The party requesting judicial notice bears the burden of persuading the court that a particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to

3

a source whose accuracy cannot reasonably be questioned. StarLink Logistics, Inc. v. ACC, No. 1:18-cv-00029, 2019 WL 2341403, at *3 (M.D. Tenn. June 3, 2019).

In his first Motion (Doc. No. 289), Petitioner asks the Court to take judicial notice of the following items and the "Specific Facts" he enumerates in his Motion:

> the Affidavit of Complaint Number 2010-0220858 for Warrant Number GS481605 and Arrest Warrant Pertaining To The Petitioner's Case # 2010-B-1532 attached hereto, the letter (Exhibit "A") he sent Ashley Mondelli, (Custodian of Records at the The [sic] Office of The District Attorney General, Davidson County), her response (Exhibit "B"), a copy of the government's affidavit of complaint #2010-0220858 (exhibit "C")) and arrest warrant #GS481605 (exhibit "D") attached pertaining to Petitioner's Conviction case No. 2010-b-1532 as well as the original indictment (counts 1-5) and the "Specific Facts" pointed out in these documents on Petitioner's Page 2.

(Doc. No. 289 at 1). Two of these items—the True Bill and Indictment (Compare Doc. No. 289-1 at 4-9 to Doc. No. 178-1 at 4-9)—are part of state court record in this case. Thus, the Court will consider these items and there is no need to take judicial notice of any facts therein. However, to the extent Petitioner's Motion sets forth allegations and legal argument with regard to these items (see Doc. No. 281 at 1 ¶ 5), such allegations and argument are not adjudicative facts of which the Court may take judicial notice. The Court will consider all of Petitioner's allegations and legal argument when ruling on his habeas petition, but the Court will not take judicial notice of such.

As best the Court can discern,[1] the documents to which Petitioner refers as Exhibits A, B, C, and D are not part of the state court record in this case. Essentially then, Petitioner is asking the Court to expand the record to consider these documents and take judicial notice of the alleged "specific adjudicative facts" therein as identified by Petitioner on the second page of his Motion.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricts the ability of a federal habeas court to develop and consider new evidence. Shoop v. Twyford, __ U.S. __,

---

[1] If either party is aware of the inclusion of these documents in the existing state court record, the party should notify the Court in writing and provide a citation to the location of the document(s).

142 S. Ct. 2037, 2043 (June 21, 2022). Review of factual determinations under Section 2254(d)(2) is expressly limited to "the evidence presented in the State court proceeding." See Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (holding that review of legal claims under Section 2254(d)(1) is "limited to the record that was before the state court.").

In addition, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief . . . [i]t may be perfectly appropriate . . . for the district court to proceed by requiring that the record be expanded." Id. (quoting Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970)). Thus, Rule 7 suggests that the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

If a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." Samatar v. Clarridge, 225 F. App'x 366, 375 (6th Cir. 2007) (citing Owens v. Frank, 394 F.3d 490, 499 (7th Cir. 2005)). Therefore, Petitioner must also satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B).

Here, other than asserting that his Motion was filed "for good cause," Petitioner does not explain how his request to expand the record relates to any of the claims in his federal habeas petition. (Doc. No. 289 at 1). Thus, Petitioner fails to satisfy the prerequisites set forth in Section 2254(e). See Samatar v. Clarridge, 225 F. App'x 366, 375 (6th Cir. 2007). In any event, the Court has not yet decided Petitioner's claims using the pleadings and the existing state-court record; therefore, at this time expansion of the record is premature and unwarranted according to Rule 7's advisory notes. R. 7(a), R. Gov'g § 2254 Cases and advisory committee's note; Flores v. Holloway, No. 3:17o-cv-00246 2018 WL 573121, at *4. Consequently, Petitioner's Motion (Doc. No. 289) is **DENIED**.

Next, in Petitioner's Motion to Take Judicial Notice Concerning a Discrepancy on the Face of the Petitioner's Indictment (Doc. No. 294), Petitioner enumerates five "Specific Facts" of which he asks the Court to take judicial notice. (Id. at 2). These "facts," however, include deductions by Petitioner, such as "the Petitioner's Original Indictment appears to have already been stamped . . . ." "(Id.) (emphasis added). Petitioner weaves together "facts" such as the ink color of a handwritten signature to support his conclusion that his indictment was modified by an individual named Robert Carrigan. These "facts" therefore include substantial argument by Petitioner. He therefore

6

Case 3:16-cv-02631   Document 324   Filed 07/25/22   Page 6 of 12 PageID #: 6329

fails to persuade the Court that these particular facts are not reasonably subject to dispute and capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. See StarLink Logistics, 2019 WL 2341403, at *3. The Court will consider Petitioner's legal arguments when ruling on his habeas petition, but the Court will not take judicial notice of arguments. Further, Petitioner again appears to rely in part on documents that are not part of the existing state court record. (See Doc. No. 294, Ex. 1). This Motion (Doc. No. 294) is **DENIED**.

Next, in his Motion to Take Judicial Notice of the Initial Phone Call to the Police Made by Petitioner's Wife (Doc. No. 315), Petitioner asks the Court to take judicial notice of several "Specific Facts." (Id. at 2-5). Interspersed with these "Specific Facts" is argument by Petitioner pertaining to whether he "used a gun" to rape the victim as opposed to being in possession of a gun at the time of the rape. (Id.) Indeed, Petitioner entitles some paragraphs in his Motion "Argument." (See, e.g., id.)

There are only two paragraphs in Petitioner's ten-page Motion entitled "Fact." In the first "Fact" paragraph, Petitioner paraphrases a portion of the victim's trial testimony. (Id.) The trial transcript is part of the state court record in this case and will be considered by the Court; the Court need not take judicial notice of it. Following the paraphrasing of the victim's trial testimony, Petitioner's first "Fact" paragraph concludes as follows:

> This is where the petitioner asserts that the victim did not tell the truth. The victim testified differently at the preliminary hearing and counsel caught it and said to her: "Okay. When you testified—do you remember testifying at the preliminary hearing that he pulled it off a shelf? And the victim answered No." See Doc. 178-8, PageID#2986.

(Doc. No. 315 at 3). It goes without saying that Petitioner's argument contained in the above excerpt does not qualify as an adjudicative fact of which the Court can take judicial notice.

7

In the section paragraph labeled "Fact", Petitioner recounts the partial procedural history of his post-conviction case. (Id. at 4). To the extent Petitioner's account is verified by the existing state court record submitted by Respondent, those facts will be considered by the Court. However, any argument included by Petitioner in this paragraph (i.e., "thereby violating the Petitioner's due process rights as he could not effectively appeal his post-conviction") does not constitute an adjudicative fact of which the Court can or will take judicial notice. The Motion is **DENIED**.

### III. Motion to Consider These Procedural Defenses Concerning Trial Counsel Jack Byrd Pursuant to 28 U.S.C. § 2254(b)(1)(B) (Doc. No. 290); Motion to Consider These Exhaustion Defenses (Doc. No. 296)

Petitioner has filed Motions in which he asks the Court to consider certain "procedural defenses" and "exhaustion defenses" when ruling on claims raised in Petitioner's federal habeas corpus petition. (Doc. Nos. 290, 296). In support of his Motions, he cites 28 U.S.C. § 2254(b)(1)(B), which sets forth one of the three bases on which a federal court may grant an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment.

Petitioner's combined twenty-six (26) pages of Motion text contain two primary arguments: one in support of Petitioner's ineffective assistance of trial counsel claims (Doc. No. 290) and (2) another in support of Petitioner's assertion that the Court should "dispense with the exhaustion requirement" with respect to certain claims because state court litigation would have been futile. (Doc. No. 296 at 6).

By Memorandum Opinion and Order entered on February 10, 2020, the Court designated Petitioner's "Supplemental/Amended Petition" (Doc. No. 161) as the governing petition in this case. (Doc. No. 193). Therein, the Court also found that no further amendments or supplements to the petition would be permitted. (Id. at 5). Petitioner's latest Motions (Doc. Nos. 290, 296) will not be permitted as an attempt by Petitioner to amend or supplement the governing petition. Neither

can these motions replace the governing petition to which Respondent already has filed an Answer. Petitioner's Motions (Doc. Nos. 290, 296), therefore, are **DENIED**. Nevertheless, to the extent that Petitioner made any of these same arguments in his governing petition, the Court will fully consider the arguments.

**IV.    Motion for Discovery for complaint Number 2010-0220858 and or Case No. GS481605 (Doc. No. 291); Motion to Take Judicial Notice of the Attached Exhibits and that the Petitioner's Motion for Discovery (Doc. 291) is Applicable to this Case (Doc. No. 297)**

In his Motion for Discovery, Petitioner once again seeks the "preliminary hearing transcripts/testimony, either written or oral and the police report" in Nashville General Sessions court case No. 481605 to support Ground 1 of his petition. (Doc. No. 291 at 1).

Petitioner has filed a prior motion seeking discovery of this transcript. (See Doc. No. 186). The Court thoroughly considered Petitioner's prior request in light of his argument that the discovery request supported (1) Ground 1 of his petition, that he "was denied a FAIR TRIAL" because Judge Cheryl A. Blackburn was not "impartial" during his trial (Doc. No. 199 at 2) and (2) Ground 20 of his petition where Petitioner alleges that Judge Casey Moreland was biased against Petitioner. (Doc. No. 199 at 4). (See Doc. No. 223 at 5-19). In summary, the Court found:

> [T]he preliminary hearing transcript sought by Petitioner is not part of the state court record. Petitioner has not established that the preliminary hearing occurred in the case resulting in the convictions and sentence challenged by the instant federal habeas petition. Petitioner is not entitled to an expansion of the record at this time. Neither is Petitioner entitled to discovery of the transcript. While Petitioner alleges that discovery of the transcript would support his federal habeas claim that he was denied a fair trial due to Judge Blackburn's partiality, Petitioner properly exhausted that claim in state court; therefore, any discovery with regard to that claim is not permitted here. Further, Petitioner alleges that discovery of the transcript would support his federal judicial bias claim, but that claim is procedurally defaulted, and Petitioner has not established cause and prejudice or actual innocence to excuse the default. Therefore, Petitioner's motion seeking the preliminary hearing transcript will be denied.

(Id. at 19-20). In his instant Motion for Discovery, Petitioner provides no reason for the Court to revisit its prior fourteen-page analysis of Petitioner's request for discovery of the preliminary hearing transcript.

However, in his "Motion to Take Judicial Notice of the Attached Exhibits and that the Petitioner's Motion for Discovery (Doc. 291) is Applicable to this Case" (Doc. No. 297), Petitioner posits that he has resolved the confusion regarding the preliminary hearing of which he seeks a transcript.[2] Specifically, Petitioner attaches correspondence from the Nashville/Davidson County Division III Deputy Criminal Court Clerk stating that "Case GS481605 was indicted to a criminal case on 6/22/2010, and became Count 1, in case #2010-B-1532." (Doc. No. 297, Ex. 1 at 1). Petitioner explains: "Apparently, the Petitioner got his dates wrong thinking that May 3, 2012 was the date the preliminary hearing occurred, but it was actually March 18, 2010 in former Judge Casey Moreland's Court (See exhibit '1') attached hereto." (Doc. No. 297 at 2).

While the Court acknowledges and appreciates Petitioner's efforts to resolve the date/court/judge discrepancy, this new information—even if considered—does not change the Court's prior analysis in denying Petitioner's motion seeking discovery of the transcript. That is so because, pursuant to Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011), Petitioner's request for any discovery related to his judicial bias claim (in support of which he seeks discovery) must be denied because Petitioner's impartial judge/right to a fair trial claim was adjudicated on the merits by the state court. Further, as explained in detail by the Court previously (see Doc. No. 223 at 9-18), the judicial bias claim for which Petitioner seeks discovery is procedurally defaulted, and

---

[2] See Doc. No.223 at 12 n.3 ("Petitioner alleges that Judge Moreland presided over the preliminary hearing on May 3, 2012 [during which he allegedly made the "piece of shit" comment] and Judge Blackburn presided over Petitioner's trial. Petitioner has consistently alleged that he did not receive a fair trial in part because Judge Blackburn did not recuse herself after Judge Moreland made a derogatory comment about Petitioner during a previous hearing related to the case. The Court reiterates that the case number for the purported Moreland preliminary hearing does not match the case number for the convictions and sentence challenged by the instant federal habeas petition. Petitioner does not explain this discrepancy.").

10

Petitioner has not established cause and prejudice or actual innocence to excuse the default. Indeed, the Court undertook its prior analysis while noting that "[a]lthough the state court case numbers do not match, it is clear that Petitioner has pursued, and state courts have considered to some extent, judicial bias claims relating to Judge Moreland's alleged 'piece of shit' comment." (Id. at 12). Accordingly, Petitioner's Motion for Discovery (Doc. No. 291) is **DENIED**.[3]

Petitioner's "Motion to Take Judicial Notice of the Attached Exhibits and that the Petitioner's Motion for Discovery (Doc. 291) is Applicable to this Case (Doc. No. 297")" also is **DENIED**. To the Court's knowledge, the exhibits attached by Petitioner are not part of the existing state record, and the Court finds that Petitioner is not entitled to expansion of the record for the reasons provided in denying Petitioner's Motion for Discovery. However, as noted above, the Court considered the exhibits for purposes of determining whether its prior Order denying Petitioner's request for discovery should be revisited.

**V.     Motion to Rename Docket re: 315 Motion (Doc. No. 321)**

Finally, Petitioner filed a Motion in which he takes issue, once again, with the title used for one of his motions on the docket. Specifically, Petitioner complains about a case administrator titling Docket No. 315 "Motion to Take Judicial Notice of the Initial Phone Call to the Policy Made by the Petitioner's Wife" rather than "Motion to Take Judicial Notice of the Initial Phone Call to the Police Made by the Petitioner's Wife," as Petitioner himself titled the filing. (Doc. No. 321).

In all likelihood, the substitution of the word "Policy" for "Police" was an inadvertent clerical error. Indeed, a review of the docket reveals that the title of the motion already has been

---

[3] While reviewing all of the claims raised in Petitioner's Supplemental/Amended petition, should it become necessary for the Court to consider Petitioner's request for discovery of the preliminary hearing transcript at issue, the Court will take appropriate action. Petitioner need not submit any additional filings. Doing so will delay the Court's resolution of his habeas petition.

11

changed on the docket. Therefore, no action by the Court is necessary, and the Motion (Doc. No. 321) is **DENIED AS MOOT.**

Petitioner is advised, however, that the Clerk of Court ultimately determines how pleadings and motions will be docketed on the Court's CM/ECF system and, at times, submissions by pro se parties will be renamed if doing so accurately reflects the pro se litigant's intentions without causing any prejudice to the pro se litigant.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE